### In re PALEY.

District Court, S. D. New York.
Jan. 9, 1939.

Max Ornstein, of New York City, for petitioner.

Joseph W. Kaufman, of New York City, for trustee.

**PATTERSON, District Judge.**

The referee made an order approving a compromise of a claim made by the trustee in bankruptcy. He later denied a motion for rehearing. Ritholtz, a creditor, brought a petition to review both orders.

The trustee brought a petition for approval of a compromise. The petition showed that the trustee had made claim for certain shares of stock held by or for one Mishkin, and had conducted examinations in reference to the claim; that one Schilder claimed to have received the stock from the bankrupt as collateral security for a debt, to have foreclosed on the stock for non-payment and to have sold it to Mishkin for $2,000; that in the opinion of the trustee the validity of the foreclosure sale was doubtful; that an offer of $750 had been made by Mishkin in settlement of the trustee's claim, which offer the trustee considered a good one. At a meeting of creditors called to consider the offer, the trustee's attorney said, in answer to questions by the referee, that the trustee had a fair chance of recovering the stock, subject to a $2,000 lien representing the debt for which the stock had originally been pledged; that in his opinion the stock was worth not to exceed $2,000. The trustee recommended that the offer in settlement be approved. The attorney for Ritholtz, the only creditor represented at the meeting, objected and requested an adjournment. The referee denied the requested adjournment and approved the compromise.

The objecting creditor later moved for a rehearing. The papers on which the motion was made contain no facts bearing on the merits of the trustee's claim or on the value of the stock, beyond the general statement that the sum offered in compromise was inadequate. The balance of the affidavits is taken up with criticism of the referee for not having granted an adjournment of the hearing and with irrelevant matters. The referee denied the motion for rehearing.

In reviewing the order approving the compromise the court is limited to the record before the referee. No notice may be taken of the additional allegations of fact made in this court on oral argument and in briefs. On the record it appears that the proceeding for approval of the compromise was commenced in the manner prescribed by General Order 33, 11 U.S. C.A. following section 53. The petition of the trustee set forth with sufficient particularity the controversy and the reasons why the trustee was of opinion that the compromise was for the best interests of the estate. The meeting to consider the compromise was held on sufficient notice to creditors. The referee acted within his discretion in refusing to postpone the meeting. At the meeting the trustee's attorney gave further facts concerning the value of the claim. He answered all questions put to him and was ready to give more complete information had it been asked for. Under the circumstances the referee was not obliged to put the question to a vote by creditors; the objecting creditor was the only creditor represented, and her opposition had already been made known to the referee. While the wishes of the creditors should ordinarily prevail, the final responsibility was with the referee. There was then no flaw in the conduct of the proceeding. In re National Public Service Corporation, 2 Cir., 68 F. 2d 859.

As to the merits, the fairness of the compromise is a matter initially for the trustee and finally for the referee, the referee's action being of course subject to review. In this case there is nothing tending to show that the figure offered in compromise was inadequate or that the referee erred in approving the compromise. The fact that the trustee favored the settlement is entitled to weight. He was chosen by the referee after a disputed election. He represented no interest adverse to creditors, he represented no faction of creditors, and the charge of bad faith against him or his attorney is baseless. The order approving the compromise will be affirmed.

The order denying a rehearing was likewise proper. The papers on which the motion for rehearing was made contained no allegations of facts tending to show that the sum tendered to the trustee in compromise was too small, save the broad statement that the offer was inadequate and not to the best interest of creditors. The petition to review will be dismissed and the orders complained of will be affirmed.