## In re GEORGE-GRENATTI ASSOCIATES, Inc.

District Court, S. D. New York.
Jan. 9, 1939.

**32**

Benjamin Siegel, of New York City, for trustee.

Cohen & Wedeen, of New York City (Sidney Wedeen, of New York City, of counsel), for assignee.

PATTERSON, District Judge.

Review is sought of a referee's order approving compromise of a controversy between the trustee in bankruptcy and three creditors. The three creditors filed claims against the estate. The trustee objected to the claims on the ground that the three creditors had taken voidable preferences, and demanded that the claims be disallowed until the preferences should be surrendered. While the disputed issue of preferences was in course of trial, the three creditors made an offer of compromise. Their offer was to pay $2,000 to the trustee and to withdraw all claims against the estate in exchange for a general release. The trustee then filed a petition, showing that the three creditors had filed claims totalling $11,000, that he had interposed objections on the ground that the three creditors had received preferences amounting to $22,000, and that an offer in compromise had been made. He gave no opinion on the offer, but merely asked that a meeting of creditors be called to consider it.

At the creditors' meeting the attorney for the trustee gave a full statement of the facts concerning the alleged preferences, making no recommendation as to the proposed compromise, and the accountant for the trustee gave estimates showing that the offer was in effect one for settlement of the controversy at about 50 percent of the amount claimed by the trustee. The referee called for a vote. One creditor voted against the compromise; none voted for it. The referee reserved decision. He later handed down a decision approving the compromise. He stated that he based his decision on the estimates made by the accountant and on testimony which he had heard earlier on the trustee's objections to the claims.

The creditor who voted in opposition asks a review of the order approving the compromise. He urges that the referee should not have based his decision on the earlier testimony which was not part of the record. The point is a sound one. The testimony in the earlier proceeding was not offered in evidence at the creditors' meeting, nor was it referred to in any way. What that testimony amounted to was unknown to the creditors at the meeting and is unknown to this court on review. The meeting required by section 55 of the Bankruptcy Act, 11 U.S.C.A. § 91, for consideration of a proposed compromise would be a futility if the referee may base his approval of the compromise on matters already known to him but not brought out at the meeting. See In re Hale Desk Co., 2 Cir., 89 F.2d 1. The referee should have confined himself to facts stated in the petition and facts developed at the meeting.

Despite the error of the referee in this particular his order might still be affirmed if there were enough in the record to show that the offered compromise is advantageous to the estate. But the showing is too weak. Generally the trustee makes a recommendation in favor of the proposed compromise and gives his reasons. Unless he is willing to say that he deems the compromise to the best interest of creditors and is willing to give his reasons, he should not ask that a meeting be called to consider it. Bankruptcy Act, § 27, 11 U.S.C.A. § 50, see also General Order 33, 11 U.S.C.A. following section 53. In this case the trustee was noncommittal. His petition did not ask for "authority" to compromise the controversy and did not set forth "reasons" for accepting the compromise offered, as required by General Order 33. These omissions might be treated as mere irregularities and overlooked if at the meeting the trustee or his attorney had recommended the compromise and given his reasons. He did not do so, though he did make a full statement of the facts, and to this day we do not know whether he considers the

compromise advantageous to the estate. On oral argument here his attorney declined to give an opinion, saying that the matter was wholly up to the court. This is a misconception. Under the Bankruptcy Act a compromise in behalf of a bankrupt estate may be brought about provided the trustee deems the offer of compromise to the best interest of the estate, and provided also the court or the referee approves the offer at or after a creditors' meeting duly called to consider it. The court and the creditors are entitled to the advice of the trustee, and weight is commonly given to such advice. With the trustee's advice missing, with no vote at the meeting in favor of the compromise, and with the referee taking cognizance of matters outside the record in giving his approval, there is no adequate showing that the compromise is for the interest of the estate.

The order will be reversed and the case sent back to the referee to call another meeting of creditors.