**SCOTT et al. v. JONES.**

No. 2181.

Circuit Court of Appeals, Tenth Circuit.

Feb. 27, 1941.

See, also, 115 F.2d 133.

Kenneth K. Cox, of Wichita, Kan., for appellants.

Mark H. Adams, of Wichita, Kan., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The S. & B. Drilling Company, a corporation, filed its voluntary petition in bankruptcy on September 20, 1939, and was adjudged a bankrupt. It listed as its only assets two motor vehicles, which were mortgaged for their approximate worth. The only remaining asset revealed at the first meeting of creditors was a possible interest in an oil and gas drilling contract executed by the bankrupt with Joe A. Bell and C. L. Brosius, by the terms of which the bankrupt agreed to drill an oil and gas well, for which it was to receive an interest in certain oil and gas leases, and a sum of money placed in escrow.

Difficulty ensued over the drilling contract, and an action was instituted in the District Court of Sedgwick County, Kansas, against the bankrupt, seeking cancellation of the contract and the return of the escrowed money. On September 8, 1939, prior to the filing of the bankruptcy proceedings, a decree had been entered in this case pursuant to stipulation and agreement of the parties, settling their rights in the contract and providing for the return to plaintiffs in that suit of the escrowed money.

After a disclosure of the facts relating to the drilling contract at the first meeting of the creditors, the referee in bankruptcy ordered appellee, the trustee of the estate, to take such steps as were considered necessary to recover whatever interest the bankrupt might have under the drilling contract. Pursuant to this authority, an action was instituted by the trustee seeking to set aside the judgment barring the claim of the bankrupt under the contract.

After an investigation by the trustee, he recommended a compromise or settlement of any rights the bankrupt might have under this contract. On January 8, 1940, he filed an application for authority to compromise or sell at private sale any interest of the bankrupt in the contract. On January 13, 1940, a hearing was held at which all the parties were present. The referee entered an order directing the trustee to solicit sealed bids for the bankrupt's claim under the contract and to sell or compromise the same at private sale, and ordered that the hearing on the confirmation of the sale be held February 10, 1940. No objections were lodged to these proceedings.

The only sealed bid received was by Bell and Brosius in the sum of $851.50. At the hearing on February 10, 1940, an invitation for further bidding was extended by the referee. Further bidding ensued, and the claim was sold to Bell and Brosius, who had bid the sum of $1,200. Objections were filed by appellants to the confirmation of the sale. The referee confirmed the sale, the order of confirmation being filed February 12, 1940. A timely petition for review of the order of confirmation was filed. The court approved the referee's order of confirmation of sale, and from this ruling an appeal has been taken to this court.

■ It is charged that it was error not to have this claimed right in the contract appraised and then sold for not less than three-fourths of its appraised value. Section 50, 11 U.S.C.A. confers power on the trustee with the approval of the court to compromise any controversy arising in the administration of a bankrupt's estate. This section grants power to the bankruptcy court to dispose of claims or assets of doubtful value in an expeditious manner, other than in the usual and ordinary manner prescribed by statute for marshalling the assets of a bankrupt estate.

At the first creditors' meeting the rights of the bankrupt in this contract were carefully examined. The court directed the trustee to file an application seeking to set aside the judgment. After an exhaustive investigation by the trustee and his attorney of both the facts and the law, the trustee filed an application seeking authority to compromise the claim. The application was set for hearing and notice given to all creditors. The referee entered an order authorizing the trustee to compromise or sell at private sale by receiving sealed bids. No objection was filed either to the application of the trustee or to the order of the referee. The referee stated that he an-

nounced in open court that at the hearing for confirmation, opportunity would be given to any parties desiring to make further bids. Appellants controvert this statement by the referee. However, in the view we take of the matter, it is not necessary to resolve this conflict between the parties.

Here the court was dealing with a claimed right of questionable validity and of doubtful value. The bankrupt did not consider it of sufficient value to list it in its schedule of assets. At most it was but a chose in action, which on the face of the record had been lost by a judgment of a court of competent jurisdiction entered upon a stipulation and by consent of the parties. To have any value it would first be required that the judgment barring the claim of the bankrupt and consented to by it be set aside. All of these matters were rightfully considered by the referee in issuing his order directing a sale or compromise of the claim.

A referee should dispose of litigation on behalf of the bankrupt estate, involving delay and expense, speedily unless a sound legal basis appears for the litigation and there seems a likelihood of substantial ultimate benefit to the estate in carrying on the litigation in the event a favorable judgment results. In re Peppers Fruit Co., D.C., 24 F.Supp. 119; Remington on Bankruptcy, Vol. 2, § 1135; In re Riggi Bros. Co., 2 Cir., 42 F.2d 174.

Viewed against the backlog of surrounding circumstances, the order of the court is construed to be one authorizing the compromise of a shadowy claim by private sale. Appraisal would be a mere gesture. No value could be placed upon the claim. In re Natl. Publishing Service Co., 2 Cir., 68 F.2d 859.

It is next urged that at the meeting called February 10th, the powers of the referee were limited to either rejecting the sale or confirming it and that he had no power or authority to receive additional bids. Ordinarily where a judicial sale has been ordered under the statutes and a report thereof is made, the powers of the referee are limited to either confirming the sale or rejecting it and ordering a future sale. But we have held that this was not such a sale, that this transaction was in the nature of a compromise of a very doubtful claim. The steps that were taken at the meeting of February 10th, wherein additional bids were received, were in furtherance of a compromise and settlement of the claim. As a result of the proceedings, the bid was increased from $850.50 to $1,200.

The administration of the bankruptcy act is confided to the District Court and the referee. Under Section 50, power is given to compromise just such claims as we have here. An order approving a compromise of a doubtful claim involves the discretionary powers of the court and may be disturbed only when it clearly appears that such discretion has been abused. In re Prudence Co., 2 Cir., 98 F.2d 559; In re Riggi Bros. Co., supra; Pullman Couch Co. v. Eshelman, 4 Cir., 1 F.2d 885. We find no abuse of discretion in this matter.

A number of other assignments of error charge irregularities in the administration of the estate. It may be conceded that the matters in connection with this claim were not handled with the strictest of regularity. However, these assignments of error are not of sufficient gravity to be dealt with specifically. It is sufficient to say that we have given them consideration and find them without substance.

In the administration of bankrupt estates with the many complicated problems that arise therein, irregularities often occur. It is important that the confidence in the stability of judicial sales be not destroyed. Such a sale should not be disturbed by an appellate court in the absence of substantial prejudice or error. It has been held that inadequacy of price alone is rarely sufficient to overturn a judicial sale conducted within the discretionary powers of the trial court. Ballentyne v. Smith, 205 U.S. 285, 27 S.Ct. 527, 51 L.Ed. 803; Speers Sand & Clay Works v. American Trust Co., 4 Cir., 52 F.2d 831.

The judgment is affirmed.