## In re ANDERSON THORSON & CO.

## ANDERSON THORSON & CO. et al. v. MARTIN.

### No. 7719.

Circuit Court of Appeals, Seventh Circuit.

Jan. 14, 1942.

Rehearing Denied Feb. 16, 1942.

Justus Chancellor, Justus Chancellor, Jr., and Carl Lundquist, all of Chicago, Ill., for appellants.

James A. O'Callaghan, of Chicago, Ill. (N. Rothblum, of Chicago, Ill., of counsel), for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court, entered May 1, 1941, confirming an order of the Referee authorizing appellee to compromise a claim in favor of Corral Wodiska Y Ca., a Corporation. The action complained of was in response to a petition filed March 19, 1941, by appellee, trustee in bankruptcy of the estate of Anderson Thorson & Co., in which it was represented that on November 28, 1940, a

judgment was obtained in the United States District Court for the Northern District of Illinois, Eastern Division, against appellee and in favor of Corral Wodiska Y Ca. in the sum of $38,661.66, and that leave had been granted appellee to appeal from such judgment to the Circuit Court of Appeals for the Seventh Circuit.

It was further represented that the judgment creditor was willing to compromise said judgment for the sum of $7500, conditional upon the allowance of a claim in the bankruptcy estate for such amount, and the dismissal of the authorized appeal. Appellee represented that the proposal had been given due consideration by him and his attorney and stated that the proposed compromise would be advantageous to the estate.

Appellants objected to appellee's proposal and after due notice to all creditors and interested parties, a hearing was had by the referee which culminated in an order authorizing the compromise. Upon appellants' petition for review, such order was confirmed by the court in the order from which the appeal was taken.

■ The basic question for decision is whether the District Court abused its discretion in confirming the Referee's order authorizing the compromise. Numerous other questions are injected by appellants, all of which are immaterial except as they may be incidental to the main question. Section 50, Title 11 U.S.C.A. provides: "The * * * trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate." This provision has been generally construed as lodging a broad discretion in the District Courts in the compromise of bankruptcy controversies, and reviewing courts have refused to interfere with such discretion except upon a clear showing of abuse. Scott v. Jones, 10 Cir., 118 F.2d 30, In re Prudence Co., 2 Cir., 98 F.2d 559, 560, In re Van Camp Products Co., 7 Cir., 95 F.2d 206, 210, In re Riggi Bros. Co., 2 Cir., 42 F.2d 174, 176.

With this rule in mind we shall refer briefly to the circumstances bearing upon the propriety of the order complained of. Corral Wodiska . Y Ca. obtained a judgment against Anderson Thorson & Co. in the amount of $38,661.66, which, upon appeal, was reversed by this court for the error of the lower court in directing a verdict against the defendant on issues raised by its counterclaim. 95 F.2d 11. There is no occasion to repeat the facts as there set forth. After reversal the cause was again tried to a jury in the District Court resulting in a verdict and judgment which appellants now seek to attack because of an alleged erroneous instruction given the jury. It is claimed the instruction was contrary to our decision. In this respect it is sufficient to note that we did not decide the merits either of plaintiffs' claim, nor defendant's counter-claim. We decided only that there was sufficient evidence to require a submission to the jury of the issues presented by defendant's counter-claim.

■ In the second trial, such issues were submitted to a jury and decided adversely to the defendant (trustee in bankruptcy). The propriety of the court's instruction could be determined only by an examination of the record of that trial, which is not before us. Furthermore, we, as well as the District Court, are powerless in the instant situation to review the proceedings of that case. In fact, any error committed is irrelevant to the present question except as it might enter into the court's appraisement as to whether a compromise was better for the estate than the dubious result which might be achieved by appeal. At most, it was only one of many circumstances to be given consideration. Even though we indulge in the violent assumption that reversible error was committed, it would not necessarily follow that the court abused its discretion in authorizing the compromise, including dismissal of the appeal. A reversal would merely have placed the parties in a position to continue litigation which theretofore had exacted a heavy toll in time and expense.

■ Appellants' counter-claim was before the Referee and the court. We must assume the conclusion was reached that it possessed no such merit as would justify continued litigation in preference to the proposed compromise. The bankruptcy proceedings had been pending for more than four years, and could not be terminated until the claim in question was disposed of. It had been tried, reversed on appeal and again tried. The court was confronted with the proposition of approving the compromise or directing the trustee to pursue another appeal with further costs and delay and the uncertainty, if successful, that any benefit would accrue to the estate and its creditors. The compromise approved re-

sulted in reducing a judgment claim of $38,661.66 to $7,500. By such compromise, the total claims were reduced from $71,-897.31 to approximately $39,000, including the compromised claim, which increased to a marked extent the dividends available to creditors. At the hearing before the Referee, a majority of creditors in amount and number voted in favor of the compromise. It was recommended by the trustee and his attorney. It was also recommended by the Referee after hearing, in which all interested parties participated.

The contention that the court abused its discretion is without merit.

The order appealed from is affirmed.