## CONNECTICUT RY. & LIGHTING CO. v. NEW YORK, N. H. & H. R. CO.

No. 274, Docket 21992.

United States Court of Appeals
Second Circuit.

Argued May 10, 1951.

Decided June 15, 1951.

Beekman & Bogue, New York City (Edward K. Hanlon and Louis S. Weeks, Jr., New York City, of counsel), for appellant.

Joseph B. Ely, Boston, Mass. (Richard Ely, Boston, Mass., and J. H. Gardner, Jr., New Haven, Conn., of counsel), for appellee.

Scribner & Miller, New York City, and Hale & Dorr, Boston, Mass. (Joseph N. Welch, Louis G. Bernstein and Frank R. Bruce, all of New York City, David Burstein, Boston, Mass., and Edward H. Miller, New York City, of counsel), for Group of Individual Bondholders for The Boston Terminal Company in support of the order on appeal.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The New Haven's plan of reorganization made provision for the issuance of common stock to holders of unsecured claims against the debtor; and the consummation order and final decree, dated September 11, 1947, reserved jurisdiction over such claims, the amount of which had not then been fixed. By the present proceeding the New Haven invoked such reserved jurisdiction with respect to claims held by Boston Terminal Company interests. Reorganization proceedings of the Terminal Company are pending in the United States District Court for the District of Massachusetts and a plan for its reorganization, proposed by the New Haven and the New York Central jointly, has been approved by the Interstate Commerce Commission. The Massachusetts bankruptcy court has held hearings on the proposed plan but cannot proceed further until the Connecticut court shall have determined the amount of New Haven common stock to be issued in satisfaction of the unsecured claims of the Terminal interests against the New Haven, because the liquidation of those claims and the issuance of New Haven common stock therefor is part of the Terminal plan of reorganization. The purpose of the present proceeding was to give effect to a compromise of the unsecured claims of the Terminal interests. The petition was opposed only by the appellant, a holder of New Haven common stock and of certificates of interest in certain reserved common stock in which under the New Haven's plan of reorganization all of its common creditors are to share in proportion to their claims.

The order on appeal approved the compromise. Specifically, it allowed an unsecured claim in the aggregate amount of $7,577,500 in liquidation of all unsecured claims that the Terminal Company, its bankruptcy trustee, its mortgage trustee and its bondholders, and any person interested in the estate of the Terminal Company may have against the estates of the New Haven and the Old Colony Railroad Company; and it authorized the New Haven to distribute to the Terminal bondholders 75,775 shares of common stock, plus certificates of interest in the remaining reserved common stock. It also provided that the order shall become effective only in the event that a plan of reorganization for the Terminal Company conforming substantially to the plan already proposed by the Interstate Commerce Commission shall be approved and confirmed and a final consummation decree entered in the Massachusetts proceedings.

The Terminal claims against the New Haven estate are two. Both are based on the Boston Terminal Act, chapter 516 of the Massachusetts Acts of 1896. One claim is founded on the abrogation of the statu-

tory obligation to use and pay for the use of the Terminal Company's facilities; the other is founded on the statutory obligation of the using railroads to make good any deficiency on foreclosure of the mortgage securing the outstanding bonds of the Terminal Company. The validity of these claims has already been recognized by this court in approving the confirmation of the New Haven plan of reorganization.[1] The amount of them is incapable of determination with mathematical certainty. If liquidation of their amount were to be determined by adversary judicial proceedings, the litigation would be long, complex and dubious in result. The very purpose of a compromise is to avoid the determination of sharply contested and dubious issues. See In re Prudence Co., Inc., 2 Cir., 98 F. 2d 559, 560. Even the appellant concedes that approval of the Terminal plan of reorganization is desirable, but it objects to "the use of the reserved stock, without justifying it, instead of using cash or securities or other property not reserved in the New Haven plan for other purposes." The suggestion that property, other than the reserved New Haven stock, be used to satisfy the unsecured claims of the Terminal interests completely ignores the fact that the New Haven plan of reorganization requires these claims to be liquidated in New Haven common stock. To treat them otherwise would change a fundamental provision of the New Haven plan with respect to unsecured claims. That, of course, is no longer possible.

◼ The appellant's contentions boil down to two: (1) that Judge Hincks lacked power to make any determination as to the deficiency claim; and (2) that, even if power existed, there was an abuse of discretion in valuing each of the two Terminal claims. On the question of power, reliance is placed upon a dictum of this court in Old Colony Bondholders v. New York, N. H. & H. R.

Co., 2 Cir., 161 F.2d 413, 427, where we said:

"The obligation running to the bondholders under section 4 of the 1896 Act is not a guaranty of the bonds; it is only an indemnity obligation to make good any deficiency upon a foreclosure of the mortgage securing them. Moreover, after the deficiency is ascertained it has to be apportioned between the several railroad obligors by the Supreme Judicial Court of Massachusetts. The appellants concede that the bankruptcy court has no power to foreclose the mortgage or to apportion any deficiency which may be established by foreclosure in Massachusetts. We are at a loss to understand upon what theory it can be supposed that the bankruptcy court has 'allowed' the claim, when it is without power to determine the amount of it."

This discussion met the argument of the Terminal bondholders that the bankruptcy court had already allowed their claim and, therefore, they were entitled to vote on the New Haven plan. It had nothing to do with evaluating the claim for purposes of a compromise. Of course it is still true that the Connecticut bankruptcy court has no power to foreclose the mortgage on Massachusetts real estate or to exercise the power conferred by the 1896 Act on the Supreme Judicial Court of Massachusetts to apportion between the railroads using the Terminal facilities any deficiency established by foreclosure. But this is far from saying that the Connecticut court has no power, in considering a proposed compromise of the claim, to estimate what the deficiency on foreclosure would probably be, and how it would be apportioned between the using railroads under the Massachusetts statute. The court had power to approve the compromise by virtue of section 27 of the Bankruptcy Act,[2] which requires that the compromise be "for the best interest of the estate." It is obvious that in determining

1. Old Colony Bondholders v. New York, N. H. & H. R. Co., 2 Cir., 161 F.2d 413, 424–426, certiorari denied 331 U.S. 858 and Institutional Group for Boston Terminal Bonds v. New York, N. H. & H. R. Co., 331 U.S. 859, 67 S.Ct. 1755, 91 L.Ed. 1866; In re New York, N. H. & H. R. Co., 2 Cir., 147 F.2d 40, 51–52, certiorari denied Chapin v. New York, N. H. & H. R. Co., 325 U.S. 884, 65 S. Ct. 1578, 89 L.Ed. 1999.

2. 11 U.S.C.A. § 50.

whether the compromise met this test the court could properly estimate the probable foreclosure deficiency for the purpose of comparing it with the consideration to be paid in compromise.

■■■ We do not think appellant's second contention is well taken. It is well settled that the approval of a compromise is a discretionary order which can be reversed only upon a clear showing of an abuse of discretion.[3] In determining that the compromise was fair and in the best interest of the estate Judge Hincks gave careful attention to all relevant factors. No purpose would be served by restating the numerous considerations discussed in his opinion. We are content to adopt it as our own, and to state in conclusion that we have found no reason to doubt the correctness of his decision that the compromise settlement of both claims was advantageous to the estate and fair to all parties.

Order affirmed.

3. Daniel Hamm Drayage Co. v. Willson, 8 Cir., 178 F.2d 633, 635–636; In re Batavia Metal Prod. Co., Inc., 7 Cir., 166 F.2d 7, 9; Fernow v. Gubser, 10 Cir., 136 F.2d 971, 972; In re Prudence Co., Inc., 2 Cir., 98 F.2d 559, certiorari denied Stein v. McGrath, 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1037; In re Riggi Bros. Co., Inc., 2 Cir., 42 F.2d 174, 176, certiorari denied Wood & Selick v. Todd, 282 U.S. 881, 51 S.Ct. 85, 75 L.Ed. 777; 2 Collier on Bankruptcy, 14th ed., Par. 27.05.