**S. F. BROTHERS CO., Bankrupt, Appellant,**

v.

**Walter G. WISEMAN, Trustee in Bankruptcy, Appellee.**

**No. 12955.**

United States Court of Appeals
Sixth Circuit.

March 26, 1957.

Fred B. Collier, Royal Oak, Mich., on brief, for appellant.

Benjamin D. Jaffe, Detroit, Mich., Aaron Weiswasser, Detroit, Mich., of counsel; Weiswasser, Jaffe & Radner, Detroit, Mich., on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

PER CURIAM.

The issue in this case is whether there was an abuse of discretion by the Referee in Bankruptcy in the district court in approving a compromise settlement. The compromise was entered into by the Trustee in Bankruptcy with a claimant who had pending litigation with the bankrupt in the district court.

Title 11 U.S.C.A. § 50, Sec. 27 of the Bankruptcy Act, provides that the receiver or trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate. The evidence disclosed that the litigation which was pending against the bankrupt at the time of his bankruptcy involved many conflicting claims. The district court was aware of the nature of the litigation, as the district judge, who approved the compromise, had heard much of the evidence in the case between the claimant and bankrupt during a two week period of the trial prior to the adjudication of bankruptcy, during which the claimant had introduced its evidence in detail. The district court, therefore, had obviously ascertained the nature and extent of the claim against the bankrupt.

An order approving a compromise of a doubtful claim involves the discretionary powers of the court, and may be disturbed only when it clearly appears

that such discretion has been abused. Scott v. Jones, 10 Cir., 118 F.2d 30.

 In the instant case, notice of the proposed compromise agreement was given to all creditors and they had an opportunity to be heard in opposition thereto. The only objection to the compromise was made by the bankrupt. There is no showing of abuse of discretion either on the part of the referee or on the part of the district court in approving the compromise settlement.

In accordance with the foregoing, the order of the district court affirming the approval of the compromise by the referee, is affirmed for the reasons set forth in the opinion of Judge Picard, D.C., 151 F.Supp. 153.