In the Matter of ALBERT–HARRIS, INC., Bankrupt.

MACHINERY TERMINALS, INC., et al., Appellants,

v.

Kent W. WOODWARD, Frank H. Harvey, Jr., and Jerome Holub, Trustees, Appellees.

No. 14806.

United States Court of Appeals Sixth Circuit.

Feb. 15, 1963.

Saul L. Nadler, Cleveland, Ohio (Nadler & Neben, Cleveland, Ohio, on brief), for appellants.

Clair E. Whitmer, Akron, Ohio, for appellees.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The appellants herein seek a reversal of an order of the United States District Court for the Northern District of Ohio affirming an order of the Referee in Bankruptcy which authorized the compromise of creditors' claims in the bankrupt estate of Albert-Harris, Inc.

Sydney L. Albert and Edward J. Harris each owned fifty percent of the stock of the bankrupt corporation and the controversy involved here is largely one between them directly and through their various firms and assignees. There are ten appellants, seven of which are companies controlled by Albert. Their claims are substantial but unsecured. Harris has secured and priority claims·

against the assets held by the trustees in bankruptcy. In addition he owns or controls certain patent rights which Albert claims belong to the bankrupt estate.

At the time of the compromise there was pending some litigation involving the ownership of the patents claimed by Harris and the validity of the judgment liens of Harris and the Goodrite Tire Co., an Ohio corporation owned or controlled by Harris. The potential of this litigation constituted the only unliquidated assets of the bankrupt.

In essence the compromise terminated the litigation, settled Harris' judgment liens for less than their face value, required Harris to surrender his stock in Albert-Harris, Inc., made some distribution to other creditors and provided that fifteen percent of the income from the patents in question be paid to the trustees in bankruptcy or their assigns for credit on Albert's claims.

The three trustees approved the compromise and made application to the Referee for its acceptance. In appointing the trustees, the Referee permitted Albert and Harris each to suggest one and he named an independent lawyer as the third.

The Referee by order authorized the trustees to consummate the offer in compromise, in accordance with the application. The District Judge in his opinion found that the appellants had failed to show that the compromise was not in the best interests of the estate or that the Referee's findings of fact were clearly erroneous. He therefore affirmed the order of the Referee, authorizing and directing the trustees to compromise the disputes.

The substance of Albert's objection to the compromise is that he has not been permitted to carry on the pending litigation, particularly that pertaining to the patents, until it is finally terminated by adjudication.

The facts, the terms of the compromise offer, the objections of the appellants and the reasons for approval are

fully set forth in the opinion of the Trial Judge and the Referee's Certificate of Petition and Review, reported at 213 F.Supp. 602.

Section 27 of the Bankruptcy Act (Section 50, Title 11, U.S.C.) provides, "The receiver or trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate."

■ A district judge must accept the findings of fact in a referee's report unless they are clearly erroneous. The judge may adopt a report of a referee or he may modify it or he may reject it in whole or in part. General Order 47.

■■ The approval of a report and order of a referee authorizing the trustee in bankruptcy to enter into a compromise of creditors' claims rests in the sound discretion of the district judge. A reviewing court will not disturb or set aside such a compromise unless it obviously achieves such an unjust result as to amount to an abuse of discretion. S. F. Brothers Co. v. Wiseman, 244 F.2d 73, 73–74, C.A.6; Petition of Stuart, 272 F. 938, 942–943, C.A.6; Scott v. Jones, 118 F.2d 30, 32, C.A.10; Drexel v. Loomis, 35 F.2d 800, 806–807, C.A.8; Ashbach v. Kirtley, 289 F.2d 159, 163, C.A.8; Florida Trailer and Equipment Company v. Deal, 284 F.2d 567, 571–572, C.A.5; Connecticut Ry. & Lighting Co. v. New York, N. H. & H. R. Co., 190 F.2d 305, 308, C.A.2; In re Anderson Thorson & Co., 125 F.2d 325, 326, C.A.7.

Upon consideration of the record, the briefs and oral arguments of counsel, we conclude that Judge Kalbfleisch was fully justified in approving the order of the Referee, authorizing the compromise. The settlement thus effected is fair and just, will terminate uncertain and protracted litigation and will permit the trustees to close the estate, as they are admonished to do by Section 47, (a) (1) of the Bankruptcy Act. (Section 75, (a) (1), Title 11, U.S.C.)

The judgment of the District Court is affirmed.