In the Matter of **SOUTHERN LAND TITLE CORPORATION**, Debtor, in Proceedings For the Reorganization of a Corporation.

In re **SOTAN, INC.**

No. 67–135.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 24, 1970.

---

452

See also D.C., 310 F.Supp. 450.

Robert W. Barker, Pierre J. LaForce, Wilkinson, Cragun & Barker, Washington, D. C., Lawrence J. Molony, Baldwin, Haspel, Molony, Rainold & Meyer, New Orleans, La., for plaintiffs, Planning Services, Inc., Jack Hammond, Lyle Harvey, Emile Coci and Frank Spalitta.

Moise S. Steeg, Jr., Steeg & Shushan, New Orleans, La., for defendant, Hep Development Corp.

John Pat Little, Charles Schwartz, Jr., Guste, Barnett & Little, New Orleans, La., for trustee, Albert J. Ward, Jr.

## BANKRUPTCY ACTION

HEEBE, District Judge:

Planning Services, Inc., Jack Hammond, Lyle Harvey, Emile Coci and Frank Spalitta (Plaintiffs) filed a "Petition to Set Aside Compromise" seeking to vacate the judgment of this Court dated January 30, 1969, authorizing the compromise agreement entered into on February 24, 1969, between Albert J. Ward, Jr., Trustee for Sotan, Inc., and Southern Land Title Corporation, debtors in corporate reorganization (Trustee) and Hep Development Corporation (Hep). No request was made for authority to file this petition; it was not served as a plenary action nor was it noticed for hearing. However, the Trustee and Hep, named defendants in these proceedings, having received copies of the petition in the mail, promptly moved to dismiss it on the ground that the Plaintiffs did not have proper standing to petition for equitable relief. In their response memorandum, Plaintiffs correctly contended that a Court in Bankruptcy has the right to set aside its prior judgment (unless rights become vested) and

that the petition was tantamount to a petition for a "rehearing." Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937); Pfister v. Northern Illinois Fin. Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942); Mulligan v. Federal Land Bank, 129 F.2d 438 (8th Cir. 1942). After an exchange of memoranda, defendants' motion to dismiss was set down for argument on January 14, 1970. The arguments at the hearing encompassed not only the narrow grounds of defendants' motion, but the general right of Plaintiffs to seek to set aside the prior judgment of this Court. We find it unnecessary to rule on defendants' motion to dismiss since it is apparent from Plaintiffs' petition and from their arguments that they are not entitled to a rehearing.

The thrust of Plaintiffs' petition is twofold: (1) that the Trustee knew or should have known that the Sotan property had a "market value as of the date of transfer substantially in excess of twice the amount of the consideration for the transfer" and was therefore voidable under the Louisiana concept of lesion beyond moiety, La.Civil Code Arts. 2589–2600; and (2) that the joint petition for compromise was "lacking in detail and did not set forth the Trustee's assessment of the validity of the claim against Hep," nor was it based upon an appraisal. Plaintiffs conclude that the Trustee did not have all of the information available and that the Trustee did not disclose to the Court that information which was available to him. These contentions will be disposed of in converse order.

■ An examination of the record clearly shows that there was annexed to the joint petition for compromise the basic documents surrounding the Sotan-Hep transaction, and a draft of the compromise agreement. The petition further averred that the indebtedness of the debtor corporation to the creditors who held first and second mortgages on the Sotan land exceeded $7,900,000.00. The joint petition was noticed and a hearing was held. We find that the joint petition to compromise contained all of the information necessary. The record further shows that the holders of the first and second mortgages of the Sotan property had filed detailed proof of claims, itemizing the nature and extent of the indebtedness to them. The creditors having been given an opportunity to be heard, it was not necessary that the petition for compromise set forth all matters affecting it. Pullman Couch Co. v. Eshelman, 1 F.2d 885 (4th Cir. 1924). A formal appraisal is not a prerequisite for the approval of a compromise agreement. Scott v. Jones, 118 F.2d 30 (10th Cir. 1941). The sufficiency of a petition after approval of a compromise must be treated, not in isolation, but in relation to the proceedings as a whole. In re Kansas City Journal-Post Company, 144 F.2d 816 (8th Cir. 1944).

■ The record in this case conclusively shows that all the creditors had available to them all of the pertinent facts to properly apprise themselves of the nature of the compromise. We find plaintiffs' contentions that the judgment should be set aside because of deficiency in the pleadings to be totally without merit.

We find that plaintiffs' allegations that the Trustee knew or should have known that he could have recovered the Sotan property in a suit for lesion and that it has value substantially in excess of its mortgages are equally without merit. Plaintiffs do not allege and do not argue that they can contribute additional facts concerning the value of the property, or that they have new evidence or that the decision on the compromise was an abuse of discretion. With a broad brush, they paint the same picture of extraordinary value and productivity that has been endemic throughout these proceedings. We cannot divorce the allegations of Plaintiffs' petition from the entire record in this case, the contents of which are equally available to Plaintiffs as they are to the Court and the defendants. The record is clear that the

Trustee was thoroughly familiar and cognizant of the nature and value of the Sotan property, the character and amount of the debts of Sotan, Inc., and that he disclosed all of the information to the Court and to the creditors in the hearing on the petition for compromise.

■ In the good faith hearing, the Court was lenient in permitting the petitioning creditors to show what they contended was the potential value of the Sotan land. To this effect testimony was permitted by a land planner concerning his opinion on the long-range development of this property; a geologist testified concerning the mineral potential. This was in 1967. From that time until the hearing on the joint petition for compromise, the Trustee testified that he had received no offers to acquire either title to the property or its minerals. It further appears from a discovery deposition forming a part of the record in the suit brought by the Trustee against Hep, that a developer, John Tusson (invited by the Court to investigate the property) was unable to engender any interest in the property itself at a price more than $5,000,000.00, and no value in the minerals in excess of $30,000.00. The joint petition for compromise disclosed that the mortgage indebtedness exceeded $7,900,000.00, and at the hearing on the joint petition for compromise it was established that the actual indebtedness was in excess of $8,100,000.00. The compromise entered into afforded the Trustee six months in which to recapture the property at the reduced price of $7,600,000.00. The Trustee was unable to recapture the property. Nothing has occurred in the approximately five months lapsing since the Trustee's rights expired and this petition was filed to indicate any active interest by any creditor or any other person in the Sotan property. There is nothing on the face of the petition to negate these facts

appearing in the record. There are no allegations that the Plaintiffs have any additional evidence of value, and on oral argument there was no contention that Plaintiffs have anything to introduce which will contradict or supplement the record as it now stands. Federal Rule of Civil Procedure 59(a) provides that a rehearing may be granted for any of the reasons for which a new trial is granted in an equity proceeding. Such reasons, such as the judgment was contrary to the law and the evidence, or that there is newly produced evidence, or that there was gross error or abuse of discretion, is not alleged or argued by Plaintiffs. Even on appeal, the approval of a compromise is not invalidating unless there has been an abuse of discretion. Fernow v. Gubser, 136 F.2d 971 (10th Cir. 1943); Kimm v. Cox, 130 F.2d 721 (8th Cir. 1942); In re Anderson Thorson & Co., 125 F.2d 325 (7th Cir. 1942).

The Court cannot close its eyes to the fact that three of the Plaintiffs were creditors notified of the proceedings, that another of the Plaintiffs was one of the petitioning creditors for the involuntary reorganization of Southern Land Title Corporation, and accordingly, his counsel was notified of the compromise hearing, and the final creditor was a stockholder and director of Southern Land Title Corporation whose counsel consented to the compromise judgment.

Simply stated, there is nothing new in the petition to justify disturbing the property rights of Hep which were confirmed by the compromise agreement. Accordingly,

It is the order of the court that the petition of the Plaintiffs, Planning Services, Inc., Jack Hammond, Lyle Harvey, Emile Coci and Frank Spalitta, to set aside the compromise entered into between the Trustee and Hep be, and the same is hereby, dismissed with prejudice at their cost.