In re Howard N. GARFINKLE, Bankrupt,

v.

Bennett LEVIN, Bennett Levin and Associates and Powerdyne Corporation, Appellants.

Nos. 75 B 196, 75 B 646, 78 Civ. 4154 and 78 Civ. 4155.

United States District Court, S. D. New York.

Nov. 22, 1978.

Drinker, Biddle & Reath by Patrick T. Ryan and Mark M. Wilcox, Philadelphia, Pa., for appellants; Mudge, Rose, Guthrie & Alexander by John P. Hederman, New York City, of counsel.

Hershcopf, Graham, Sloame & Block by Abraham J. Backenroth, Gerald T. Hershcopf and Stuart C. Sloame, New York City, for Trustee.

Sherman & Citron by Asher Fensterheim, New York City, for Bankrupt.

## OPINION

MacMAHON, District Judge.

Bennett Levin, Bennett Levin & Associates and Powerdyne Corporation, creditors of the bankrupt, petition under Section 39(c) of the Bankruptcy Act [1] for review of two orders of the Honorable Edward J. Ryan, Bankruptcy Judge, which respectively discharged the bankrupt and approved a compromise in an action brought by the trustee against the bankrupt.

The essential facts are not in dispute. The bankrupt, Howard Garfinkle, filed a voluntary petition in bankruptcy on April 21, 1975. Thereafter, the trustee filed a complaint against the bankrupt on May 8, 1978 alleging concealment of assets and simultaneously sought the appointment of a receiver pendente lite.

During the hearings on the application for the appointment of a receiver, the concealment action was compromised. The compromise agreement, on its face, provided for the payment of $250,000 by the bankrupt to the trustee and a promise by the trustee to recommend a general discharge.

Pursuant to an order of May 25, 1978, which directed that notice be sent to the creditors, Judge Ryan held hearings on June 19, 21 and 30, 1978 to consider the approval of the compromise. Coincidentally, June 30 had also been set as the deadline for the filing of objections to the discharge of the bankrupt under the last of a series of orders extending the original deadline over a period of three years. Petitioners filed objections to the discharge on July 10, more than one week after the deadline, and Judge Ryan scheduled a pre-trial conference concerning these objections for September 11, 1978. Despite the pending conference, Judge Ryan granted the discharge and approved the compromise on July 20, 1978.

---

1. 11 U.S.C. § 67(c) (1976).

*Petitioners' Objections to the Discharge*

There is no dispute that petitioners were late in filing their objections to the discharge. They contend, however, that their delay should be overlooked because it was due to "excusable neglect."

■ The threshold question on this issue is whether it is properly before us in our appellate capacity. Our jurisdiction is predicated on Section 39(c) of the Bankruptcy Act which provides for review, *not* trial de novo. The scope of our examination, therefore, must be limited to the issues raised below.[2]

Bankruptcy Rule 404(c) authorizes the Bankruptcy Court to extend the time for filing objections to discharge. Similarly, Bankruptcy Rule 906(b), with certain exceptions not applicable here, generally authorizes the Bankruptcy Court to extend the period of time in which the parties are authorized or required to act. Petitioners in this case have made no application to Judge Ryan under either Rule, and, thus, he has never ruled on the timeliness of petitioners' objections or the sufficiency of their excuse for delay. Since these issues were not raised below, we refuse to rule on them here.

### Objections to the Approval of the Compromise

Petitioners make four arguments on this point: (1) that a provision in the compromise which required the bankrupt to release all claims against the trustee constituted the receipt of a personal benefit by the trustee; (2) that Judge Ryan improperly restricted the scope of the examination of the bankrupt at the June 30th hearing; (3) that the trustee failed to provide petitioners with copies of the compromise prior to the hearings; and (4) that there was a high

probability of success in the concealment action and that, therefore, the compromise was not in the best interests of the estate.

Neither the issue relating to the release of claims against the trustee, nor the issue relating to the trustee's failure to provide copies of the compromise agreement were raised below, and, therefore, we do not consider them.[3]

■ Petitioners' argument that Judge Ryan denied them a full and fair hearing by restricting the scope of the examination of the bankrupt is without merit. It is well settled that a Bankruptcy Judge need not hold a "mini trial" of the claim to be compromised.[4] Judge Ryan had a more than adequate record before him after three days of hearings and his long involvement in this case. Moreover, petitioner Levin had other litigation pending with the bankrupt in Pennsylvania at the time of the hearing, and Judge Ryan found that Levin was attempting to use the hearing in order to develop evidence for use in the Pennsylvania litigation. We find no abuse of discretion in Judge Ryan's conduct under these circumstances.

■ Finally, petitioners contend that there was a high probability of success in the concealment action, and that, therefore, the compromise was not in the best interests of the estate.

In reviewing Judge Ryan's approval of the compromise, we must look at more than the probability of success on the underlying claim.

"[T]he approval of a proposed settlement does not depend on establishing as a matter of legal certainty that the subject claim . . . is not worthless or valuable. The probable outcome in the event of litigation, the relative advantages and

---

2. *In re Paley,* 26 F.Supp. 952, 953 (S.D.N.Y. 1939); *In re Sam Z. Lorch & Co.,* 199 F. 944, 945 (W.D.Ky.1912).

3. Although petitioners' attorney did request a copy of the compromise at the June 19th hearing, he chose not to attend the June 21st hearing at which time the trustee had extra copies of the compromise. There is nothing in the

record to indicate that the issue was ever raised again.

4. *In re Blair,* 538 F.2d 849, 581 (9th Cir. 1976); *In re Riggi Bros. Co.,* 42 F.2d 174, 176 (2d Cir.), *cert. denied sub nom. Wood & Selick Inc. v. Todd,* 282 U.S. 881, 51 S.Ct. 85, 75 L.Ed. 777 (1930).

disadvantages are, of course, relevant factors for evaluation. But the very uncertainties of outcome in litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of a power to compromise." [5]

Judge Ryan found that prosecution of the concealment action would be expensive and time consuming, and that collection of a judgment in excess of $250,000 was doubtful in light of a priority tax claim for $1,065,553 held by the Internal Revenue Service. Since Judge Ryan's findings are not "clearly erroneous" [6] and are supported by the evidence, we find that Judge Ryan did not abuse his discretion in approving the compromise.[7]

Accordingly, we affirm the orders of Judge Ryan, pursuant to Sections 2(a)(10) and 39(c) of the Bankruptcy Act,[8] and dismiss the petition to review.

■ Furthermore, we conclude that this matter should not be remanded for further consideration of the issues not raised before Judge Ryan. Petitioners do not contend that they were improperly prevented from raising those issues below, and we find no reason to burden the Bankruptcy Court's already congested docket with matters that should have been raised when petitioners' objections were first presented.

So ordered.

---

**5.** *Florida Trailer & Equipment Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

**6.** Bankruptcy Rule 810.

**7.** See *Drexel v. Loomis,* 35 F.2d 800, 807 (8th Cir. 1929).

**8.** 11 U.S.C. §§ 11(a)(10), 67(c) (1976).