**In re TELTRONICS SERVICES, INC., Bankrupt.**

**Appeal of Michael M. RAND, Gregory T. Frese, and American District Telegraph Company, Creditors-Appellants.**

**ANACONDA-ERICSSON INC., as successor by merger to L M Ericsson Telecommunications, Inc., Plaintiff-Appellee,**

v.

**Jules J. HESSEN, as Trustee in Bankruptcy of Teletronics Services, Inc., Defendant-Appellee.**

**Nos. 83 CV 4209 (ERN), 83 CV 4210 (ERN).**

United States District Court, E.D. New York.

March 29, 1984.

Carl E. Person, Walter Reid, New York City, for creditors-appellants.

Sullivan & Cromwell by Robinson B. Lacy, New York City, for plaintiff-appellee.

Hahn & Hessen, New York City, for defendant-appellee.

## MEMORANDUM ORDER

NEAHER, District Judge.

Michael M. Rand, Gregory T. Frese, and American District Telegraph Co. (hereinafter "creditors"), three unsecured creditors of the bankrupt, appeal the Bankruptcy Court's approval of a settlement of an adversary proceeding. The contentions of that proceeding are summarized in *In re Teltronics Services, Inc.*, 18 B.R. 705 (D.C. E.D.N.Y.1982). The Court's remand for a trial resulted in a 20-day trial before Bankruptcy Judge Parente. The proceedings generated 30,000 pages of transcript and a lengthy opinion, *In re Teltronics Services, Inc.*, 29 B.R. 139 (Bankr.E.D.N.Y.1983), in which the Bankruptcy Court ruled against the Trustee on a counterclaim for equitable subordination of L M Ericsson's secured interests in leases. The appeal from that determination is pending in this Court, No. 83 CV 2058.

The property aspect of the settlement provides as follows:

"6. At the closing, Ericsson shall pay the Trustee the sum of $50,000.

"7. At the closing, Ericsson shall deliver to the Trustee assignments, in substantially the form annexed hereto as exhibit D, of (a) all of its right, title, and interest in and to the $89,686.81 that was turned over to the Trustee by Sterling National Bank & Trust Company of New York ("Sterling") pursuant to the order of the Bankruptcy Court dated May 29,

1980; and (b) all of its right, title and interest in and to (i) all equipment leases between Teltronics and the following Teltronics customers and (ii) the equipment leased thereunder:

> Nordic American Banking Company
> Permanent Mission of Denmark
> Permanent Mission of Finland to the United Nations
> Consulate General of the Netherlands
> Polish Daily News
> Irish Tourist Board

> The Trustee acknowledges that Sterling, Beagan, and Triboro Telephone Planning & Interconnect Company, Inc., claim interests in the property referred to in this paragraph."

The Trustee also agreed to dismiss the appeal from Judge Parente's order and to release Ericsson from its claims, and Ericsson surrendered any rights to recover costs and disbursements of the litigation amounting to $17,000.

Relying on *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), creditors contend that this Court must first conduct a *de novo* review of the trial held in the Bankruptcy Court. Additionally, relying on *1616 Reminc Limited Partnership v. Atchison & Keller Co.*, 704 F.2d 1313 (4th Cir.1983), they urge that in such a review, this Court is not bound by the Bankruptcy Court's findings and may take additional evidence or hold additional hearings as it deems necessary. A review of the equitable principles governing compromises in bankruptcy proceedings demonstrates the error of these assertions.

■ The approval of a compromise is subject to review only for an abuse of discretion. *In re Prudence Co.*, 98 F.2d 559 (2d Cir.1938), *cert. denied sub nom. Stein v. McGrath*, 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1037 (1939).

> "In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issue and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'."

*In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.1983) (citation omitted), *cert. denied sub nom. Cosoff v. Rodman*, —— U.S. ——, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983).

> "A creditor is a party to such a proceeding and has some duty to move affirmatively to identify alleged factors of unfairness in the proposed compromise at the fact-finding, not the appellate level."

*In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (*per curiam*). The Bankruptcy Court may also approve the compromise even if it believes that the trustee ultimately would be successful. *In re Ira Haupt & Co.*, 252 F.Supp. 339, 343 (S.D.N.Y.1966).

■ These cases instruct that this Court's ultimate decision upon the appeal in No. 83 CV 2058 is not dispositive of the Bankruptcy Court's power to approve this compromise. *In re Riggi Bros. Co.*, 42 F.2d 174, 176 (2d Cir.), *cert. denied sub nom. Wood & Selick, Inc. v. Todd*, 282 U.S. 881, 51 S.Ct. 85, 75 L.Ed. 777 (1930); *see Garfinkle v. Levin*, 460 F.Supp. 670, 672 (S.D.N.Y.1978). Moreover, the filing of the appeal in a timely manner is also not dispositive. *See In re Anderson-Thorson & Co.*, 125 F.2d 325, 326 (7th Cir.1942); *In re General Store of Beverly Hills*, 11 B.R. 539, 541 (Bankr.App. 9th Cir.1981). The Trustee lost before Judge Parente and had he not pursued an appeal, he would have had virtually no bargaining leverage.

Apart from the above argument, creditors raise five additional assignments of error which they urge require reversal of the Bankruptcy Court's order.

■ Creditors first argue that the Bankruptcy Court acted upon insufficient information.

> "No information has been given to the unsecured creditors concerning ongoing discussions with Telecom and the relationship, if any, between those discussions and the Ericsson proposal for settlement. No information has been pro-

vided to the unsecured creditors regarding the extent of the Trustee's commissions and attorneys' fees and how these admittedly 'extremely substantial' items are to be satisfied." Creditors' joint brief at 14.

"Telecom" refers to an action by the Trustee against Telecom Equipment Corp., No. 81 CV 1646, pending in this Court. The burden is upon the creditors to show some relationship between the two sets of settlement negotiations. *See In re Blair, supra.* The record is silent about any relationship except the representations of the Trustee's counsel that all settlements of pending litigation would not generate any funds for the general creditors. T. at 13. This unfortunate turn of events does not preclude approval of the compromise. *See In re Sapphire Steamship Lines, Inc.,* 339 F.Supp. 119, 125 (S.D.N.Y.1972). When these representations were made to the Bankruptcy Court, counsel for creditors was present and participating. The Trustee's counsel also addressed the issue of commissions and fees during the court's hearing to approve the settlement, held August 9, 1983, stating:

"So that an estate of $750,000 would be necessary to pay the administration and priority claims, not considering trustee's commissions, attorneys' fees and accounting fees, which, as your Honor must be aware, at least based upon our normal time charges of both my firm and the accountants in this case are extremely substantial and we don't ever expect to recover anything close to the time and effort that has been put into this case." T. at 14.

Moreover, the schedule of priorities is established by statute. 11 U.S.C. § 104.

Concerning their next assignment of error, creditors have presented nothing to show that the amount of the settlement was insufficient under the circumstances. *See In re W.T. Grant Co., supra.* The Bankruptcy Court felt that a zero recovery was probable in light of Judge Parente's decision. She reasoned as follows:

"What has always troubled this Court, in this matter, is that, while Ericsson is the defendant in these matters, it is also Teltronics' largest creditor and the trustee, it always seemed to me, has an obligation to the trustee's largest creditors. Now, it turns out that the claims of Teltronics have no value, because Teltronics, basically, has no assets of any character. If there were any assets in the estate, Ericsson would have very substantial claim to them, at this point, since the claim is $6 million, which [it] is now foregoing, under the settlement.

"I think, in all circumstances where the trustee is a private litigant and where he is being given the opportunity to settle, to receive $50,000 plus $17,000, $67,000, on a case he has lost on every aspect of it, I think, and where the prospect of overturning the opinion seems to me is relatively slim, as it is here under the Rules, that a lawyer would be derelict not to accept a settlement." T. at 36–37.

Creditors' next argument has already been answered above. The Trustee's brief on appeal in No. 83 CV 2058, which vigorously contests Judge Parente's findings, is not inconsistent with an attempt to settle that litigation. In this case, to obtain the benefits of the settlement, the Trustee had no choice but to pursue the appeal. His attorney adequately explained to the Court the reasons, *see In re George-Grenatti Associates, Inc.,* 27 F.Supp. 31, 32 (S.D.N.Y. 1939), for the compromise. Creditors' arguments implicitly ask this Court to impugn the Trustee's negotiating tactics and motive upon a record revealing no more than the Trustee's employment of a viable, and in this case, successful, negotiating tactic designed to end uncertain and protracted litigation. *See Matter of Albert-Harris, Inc.,* 313 F.2d 447, 449 (6th Cir. 1963) (*per curiam*).

In their next assignment of error, creditors criticize the motives of Ericsson's attorneys for the compromise. Specifically, they claim that Ericsson's attorneys will use or are using Judge Parente's findings

as a basis for a defense of res judicata in an action brought by Teltronics and Edward Beagan, its former president, against Ericsson, No. 83 CV 1401, pending in this Court. The Trustee consistently maintains that he has not authorized and is not a party to the suit filed under cause No. 83 CV 1401. *Ashbach v. Kirtley*, 289 F.2d 159 (8th Cir.1961), cited by creditors, illustrates that the court's examination of a compromise focuses on the trustee's motives. He alone initially decides whether to pursue a claim, *see In re Ira Haupt & Co.*, 398 F.2d 607, 613 (2d Cir.1968), and as a corollary, he alone decides whether to submit a compromise of the claim to the bankruptcy court for approval. *See In re S.F. Brothers Co.*, 151 F.Supp. 153, 156 (E.D.Mich. 1956), *aff'd*, 244 F.2d 73 (6th Cir.1957) (*per curiam*). Consequently, the motive of the compromising creditor does not affect the decision of whether to approve or disapprove the proposed settlement.

■ Finally, creditors' last argument presupposes the facts to be the opposite of what Judge Parente found, *i.e.*, that Ericsson's "predatory conduct" merited equitable subordination of its secured claims. More importantly, however, it ignores the fundamental cornerstone of compromise: that the parties agree among themselves about a fair resolution of their dispute. Creditors' labeling of the $50,000 payment as a "simple slap on the wrist" misperceives the function of the Bankruptcy Court. Assuming *arguendo* that this flippant characterization is accurate, it stems from the Trustee's loss on the merits after a full adversary proceeding.

"Obviously it would not be a settlement if to obtain approval the Trustee would have to demonstrate that he could not succeed had the preference claim been pressed. All that he must do is establish to the reasonable satisfaction of the Referee that, all things considered, Drexel v. Loomis, 8 Cir.1929, 35 F.2d 800, 806, it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly it might be

considerably less (or more) than were the case fought to the bitter end."

*Florida Trailer and Equipment Co. v. Deal*, 284 F.2d 567, 573 (5th Cir.1960).

■ Creditors have presented nothing to show that the Trustee acted unreasonably to settle this litigation in light of the loss before Judge Parente or that the Bankruptcy Court abused its discretion in approving the compromise. Accordingly, the order of the Bankruptcy Court is affirmed.

SO ORDERED.