**In re TEXACO INC., Texaco Capital, Inc., Texaco Capital, N.V., Debtors.**

**Bankruptcy Nos. 87 B 20142, 87 B 20143 and 87 B 20144.**

United States Bankruptcy Court, S.D. New York.

March 1, 1988.

Goodkind, Wechsler, Labaton & Rudoff, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, for derivative plaintiffs.

Weil, Gotshal & Manges, New York City, for debtors.

Stutman, Treister & Glatt, P.C., Los Angeles, Cal., for Pennzoil Co.

Keck, Mahin & Cate, Chicago, Ill., for Equity Committee.

DECISION ON MOTION BY DERIVATIVE PLAINTIFFS' COUNSEL FOR A PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c)

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Certain shareholders of the debtor, Texaco Inc., have commenced prepetition derivative actions on the debtor's behalf in various courts against officers and directors of the debtor and against third parties, including representatives of Getty Oil Company and its affiliates, the J. Paul Getty Trust, the Sarah C. Getty Trust, attorneys, accountants and investment bankers. The derivative actions related to the debtor's acquisition of the shares of Getty Oil Company and the $10.3 billion Pennzoil judg-

ment against the debtor. These derivative action plaintiffs have filed objections to the Second Amended Joint Plan of Reorganization, dated January 27, 1988, as proposed by Texaco Inc., its two wholly-owned debtor subsidiaries, Texaco Capital Inc., Texaco Capital N.V. and Pennzoil Company. In light of the fact that the objections to confirmation have created a dispute in the nature of a contested matter, as governed by Bankruptcy Rule 9014, the court has authorized the derivative plaintiffs to engage in discovery proceedings, including the depositions of officers and directors of the debtor, Texaco Inc., Pennzoil Company and their attorneys, and the attorneys for the statutory committees. These depositions were allowed for the purpose of ascertaining the consideration and justification for the broad general releases and indemnifications proposed in the Second Amended Joint Plan of Reorganization which the debtor seeks to issue to its own officers and directors as well as to the representatives of Pennzoil Company, Getty Oil Company and its affiliates, the J. Paul Getty Trust, the Sarah C. Getty Trust, and their attorneys, accountants and investment bankers. The derivative plaintiffs were also permitted discovery with respect to the requirement under 11 U.S.C. § 1129(a)(3) that "[t]he plan has been proposed in good faith and not by any means forbidden by law." This issue is significant because in addition to the releases and indemnifications called for under the Second Amended Joint Plan of Reorganization, the plan provides for the dismissal of the plaintiffs' derivative actions with prejudice and without costs. The derivative plaintiffs will be allowed under the plan an unsecured claim for reasonable fees and expenses incurred in connection with the commencement and prosecution of the derivative actions in an aggregate amount to be determined and fixed by this court.

The debtor now seeks discovery and depositions of the derivative plaintiffs' counsel in order to determine whether the derivative plaintiffs' allegations, as set forth in their objections to confirmation, are well-grounded in fact and whether the derivative plaintiffs or their counsel have conducted a reasonable inquiry into the matters alleged. Accordingly, the debtor served subpoenas *duces tecum* on seven of the law firms representing the derivative plaintiffs and requested the production of their time records and all documents concerning their clients' ownership of the debtor's stock, their participation in the derivative actions, their investigation, analysis or evaluation of the value of the derivative actions and the basis for their objections to confirmation.

The debtor maintains that the attorney-client privilege is not involved because the debtor merely seeks information obtained by plaintiffs' counsel only from sources other than their clients. Moreover, the debtor agrees that plaintiffs' counsel may assert the attorney-client privilege to the extent applicable. The debtor also contends that the attorney work-product doctrine does not apply to hinder disclosure of information concerning the factual basis for the derivative plaintiffs' objections and whether the plaintiffs' counsel conducted a proper investigation to support their objections.

Counsel for the derivative plaintiffs have moved for a protective order pursuant to Fed.R.Civ.P. 26(c) and 45, as made applicable to bankruptcy cases by Bankruptcy Rules 7026 and 9016, prohibiting the debtor, Texaco Inc., from taking their depositions and quashing the subpoenas *duces tecum* which were served on them. A hearing was held on February 29, 1988.

## DISCUSSION

The taking of depositions of plaintiffs' counsel, including the review of attorney time records, has been allowed in shareholder derivative actions, notwithstanding assertions of attorney-client privilege and attorney work-product, in order to permit discovery as to whether plaintiffs' counsel had investigated the circumstances prior to commencing derivative actions and to reveal the nature and extent of any such investigations. *In re Dayco Corp. Derivative Securities Litigation,* 99 F.R.D. 616 (S.D.Ohio 1983); *Brown v. Hart, Schaffner & Marx,* 96 F.R.D. 64 (N.D.Ill.1982).

Plaintiff's assertion of the attorney-client privilege is pointless in this situation. That privilege applies only to communications between a client and his attorney. *E.g., FTC v. Shaffner,* 626 F.2d 32, 37 (7th Cir.1980). It does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. *E.G., Hickman v. Taylor,* 329 U.S. 495, 508, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). Here, it is patent that plaintiff was unable to communicate any relevant information to her attorneys in connection with their investigation of [the corporation]. Plaintiff has admitted that she possessed no such information. Any investigation which the attorneys undertook must, therefore, have necessarily involved communication with persons other than their client. Such communications are not privileged.

*Brown v. Hart, Schaffner & Marx,* 96 F.R. D. at 68.

■ However, the issue for consideration is not whether the derivative actions, which were commenced several years ago, were properly investigated by the plaintiffs' counsel, but rather, are the plaintiffs' objections to confirmation of the debtor's plan of reorganization meritorious? Pursuant to 11 U.S.C. § 1128(b), a party in interest may object to confirmation of a plan. An equity shareholder is regarded as a party in interest in accordance with 11 U.S. C. § 1109(b). Hence, regardless of the pendency of the derivative lawsuits, or the plaintiffs' motives, or the extent of preliminary investigations which preceded the litigation, any shareholder of the debtor may object to its plan of reorganization.

■ Even in the absence of an objection to confirmation by a party in interest, the debtor has the burden of establishing all of the requirements for confirmation delineated under 11 U.S.C. § 1129. *In re Prudential Energy Co.,* 58 B.R. 857, 862 (Bankr.S.D.N.Y.1986); *In re Toy & Sports Warehouse, Inc.,* 37 B.R. 141, 149 (Bankr. S.D.N.Y.1984). Thus, the debtor must establish that the plan complies with the applicable provisions of the Bankruptcy Code, as required by 11 U.S.C. § 1129(a)(1) and that the plan has been proposed in good faith and not by any means forbidden by law, as expressed in 11 U.S.C. § 1129(a)(3). The fact that counsel for the objecting derivative plaintiffs either did, or did not, diligently investigate the legal or factual underpinnings of their derivative actions before initiating such suits, is not relevant to the debtor's burden of satisfying all of the requirements for confirmation under 11 U.S.C. § 1129. Therefore, the time sheets of plaintiffs' counsel are irrelevant, except as to fee applications which are not now in issue.

The derivative plaintiffs' counsel assert the attorney-client and work-product privileges with respect to any documents which were prepared by, or on behalf of, the plaintiffs' counsel which consist of investigations or analysis of fact or law, communications with their clients, or communications among counsel which reflect the mental impressions of plaintiffs' counsel. The debtor rejects the plaintiffs' claim of privilege on the ground that the right to claim the attorney-client privilege regarding actions brought on behalf of the estate belongs to the estate, *citing Commodity Futures Trading Commissions v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). The debtor's position is flawed because the contested dispute between the plaintiffs and the debtor does not constitute an action to collect property *for* the estate; it is a confirmation hearing in which the plaintiffs' counsel were retained in opposition to the debtor's plan to relinquish or release property rights *from* the estate partially in favor of officers and directors who may have a conflict of interest to the alleged detriment of the estate. Hence, the attorney-client and work-product privileges claimed by the plaintiffs for the alleged benefit of the shareholders should be respected.

The attorney-client privilege is intended to encourage full disclosure by clients to their attorneys in order to enable the attorneys to act more effectively, justly and expeditiously. J. Weinstein & M. Berger, Evidence ¶ 503(02) (1982); *In re Shargel,*

742 F.2d 61 (2d Cir.1984). When counsel cooperate with each other in support of clients who share a common goal as parties in a single case, communications between counsel and their sharing of work-product should not result in the loss of the attorney-client or work-product privileges. *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464 (11th Cir.1984); *Transmirra Products Corp. v. Monsanto Chemical Co.*, 26 F.R.D. 572, 578 (S.D.N.Y.1960). The documents which were prepared by, or on behalf of, the plaintiffs' counsel which reflect their mental impressions, theories and trial strategy are properly regarded as privileged and not discoverable in the absence of a showing of an adequate justification for invading the privilege. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986). Manifestly, the debtor's charge that the plaintiffs' derivative suits were commenced without prior responsible investigations by counsel for questionable purposes, even if correct, are raised in the wrong forum and for an inappropriate purpose. Surely, a shareholder of the debtor who is not a party to the pending derivative actions and who therefore did not retain any of the attorneys whose depositions the debtor now seeks to take, is entitled to rely upon the potential benefits the debtor might obtain from a successful prosecution of the derivative actions. The fact that the plaintiffs' counsel may not have performed a diligent investigation before commencing such suits would not detract from such shareholder's right to expect the debtor to justify the dismissal of the derivative actions in the face of the objections on file, notwithstanding the extent to which investigations were conducted by the derivative plaintiffs or their counsel.

The debtor should concentrate on meeting its burden of proof with respect to the confirmation standards imposed under 11 U.S.C. § 1129 and should not expend precious time and energy in pursuit of discovering dormant and irrelevant information from plaintiffs' counsel regarding prepetition lawsuits which were automatically stayed when the jointly administered Chapter 11 cases were commenced. If the debtor seeks to impugn the substantiality of the plaintiffs' derivative suits, or to establish that their dismissal with prejudice under the plan of reorganization and the issuance of releases and indemnities are required in order to achieve confirmation, the debtor may do so without bothering to explore how diligently the plaintiffs' counsel investigated the merits of their lawsuits.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(L).

2. The derivative plaintiffs' motions for a protective order pursuant to Fed.R.Civ.P. 26(c) and 45, as incorporated in Bankruptcy Rules 7026 and 9016, are granted to the extent that the debtor, Texaco Inc., is prohibited from taking the depositions of plaintiffs' counsel to determine if plaintiffs or their counsel conducted a reasonable inquiry into the matters alleged in the pending and stayed derivative actions, or as to the objections to confirmation.

3. The debtor has not established sufficient cause for the production of time records and documents reflecting counsels' investigation, analysis or evaluation of the value of the derivative actions and the basis for their objections to confirmation. Such documents are covered by the attorney-client and work-product privileges, as are the communications prepared by and circulated among plaintiffs' counsel.

4. The subpoenas *duces tecum* which were served on plaintiffs' counsel for the production of the above-described documents shall be quashed to the extent that they call for privileged documents. Plaintiffs' counsel shall not be deposed as to the basis for the objections which they filed on behalf of their clients, but shall produce, however, documents in their files which they do not claim are covered by the attorney-client or work-product privileges and which concern the plaintiffs' objections to confirmation of the Second Amended Joint Plan.

SETTLE ORDER on notice.