**In re MID PACIFIC AIRLINES,
INC., Debtor.**

**Bankruptcy No. 88–00032.**

United States Bankruptcy Court,
D. Hawaii.

Feb. 5, 1990.

Gregory Conlan, Honolulu, Hawaii, for debtor.

Walter Davidson, and Ron Sakimura, Honolulu, Hawaii, for HFFC.

Curtis Ching, Honolulu, Hawaii, for Office of the U.S. Trustee.

Jerrold Guben, Honolulu, Hawaii, for Continental Bank.

Don Gelber, Honolulu, Hawaii, for KOA and Mid Pacific Air Corp.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: CONFIRMATION OF PLAN

JON J. CHINEN, Bankruptcy Judge.

On January 3 and January 29, 1989, hearings to confirm the Plan of Reorganization

of Mid Pacific Airlines, Inc. ("Debtor") were held before this Court, with Gregory Conlan, Esq. representing the Debtor, Curtis Ching, Esq. representing the Office of the United States Trustee ("OUST"), Walter Davidson, Esq., representing Honolulu Fueling and Facilities Corp. ("HFFC"), Jerrold Guben, Esq. representing Continental Bank, and Don Gelber, Esq. representing KOA and Mid Pacific Air Corp., Thomas Hayes, Debtor's CEO was also present.

Based on the argument of counsel and the records and files in this case, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. This case was commenced on January 19, 1988 when Debtor filed for protection under Title 11, Chapter 11 of the United States Code.

2. Prior to filing its petition, Debtor provided both passenger and cargo services in Hawaii and cargo services in Indiana. Upon filing of the petition, the passenger operation was suspended, and the cargo operation in Hawaii was suspended on February 3, 1988. Thereafter, on the prodding of OUST to file a plan or convert, Debtor presented a liquidating plan ("Plan") on November 22, 1989.

3. The Plan provides for the division of claims or interests into seven classes. Class 1 includes all administrative claims. Class 2 includes claims under Section 507(a)(3) on account of wages and vacation pay which were not paid in the 90 days prior to the filing of the petition. Class 3 includes claims under Section 507(a)(4) on account of contributions to Debtor's employee benefit plan. Class 4 includes priority claims under Section 507(a)(7) on account of taxes owed to the federal and states governments. Class 5 includes all general unsecured creditors. Class 6 is comprised of creditors with security interest in Debtor's remaining assets. Class 7 is comprised of MPAC, the holder of all Debtor's stock.

4. The Plan calls for the liquidation of all of Debtor's assets, the payment of administrative expenses and the distribution of all remaining funds to all of Debtor's creditors to the extent that their claims are allowed, in accordance with their priority.

5. Although the Plan provides that Mr. Thomas Hayes will serve as the CEO, the Plan does not disclose the names of the other officers of Debtor or the members of the Board of Directors.

6. The Plan provides that Mr. Hayes will be compensated at the rate of $50,000.00 per annum, which will be at the rate of approximately $24.00 per hour. The Plan further provides that Mr. Hayes will not be entitled to any compensation after August 1, 1990, without further orders of the Court.

7. Although there were some ballots cast rejecting the Plan, all of the impaired classes have accepted the Plan.

8. Debtor contends that the Plan should be confirmed in that it is fair and equitable because the creditors will be receiving under the Plan more than the amount they will be receiving under Chapter 7 liquidation.

9. HFFC and OUST object to confirmation of the Plan, contending that the Plan does not disclose the names of all the officers and members of the Board of Directors and that Debtor has not clearly demonstrated that the creditors will receive as much under the Plan as they would receive under a Chapter 7 liquidation.

10. To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

## CONCLUSIONS OF LAW

1. Regardless of whether an objection to confirmation has been asserted, the Bankruptcy Court is under a duty to determine whether a proposed plan meets all of the requirements for confirmation set forth in 11 U.S.C. Section 1129(a). *Matter of Moore*, 81 B.R. 513 (Bkrtcy.S.D.Iowa 1988). The plan proponent bears the burden of proving that each requirement of Section 1129(a) has been met. *In re Texaco, Inc.*, 84 B.R. 889, 891 (Bkrtcy S.D.N.Y. 1988). And, the Bankruptcy Court must

hold an evidentiary hearing in ruling on the confirmation of a proposed plan. *In re Acequia*, 787 F.2d 1352, 1358 (9th Cir.1986).

2. Pertinent provisions of 11 U.S.C. § 1129 read as follows:

(a) The court shall confirm a plan only if all of the following requirements are met:

. . . .

(5)(A)(i) The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and

. . . .

(7) With respect to each impaired class of claims or interests—

(A) each holder of a claim or interest of such class—

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date; or

. . . .

(b)(1) Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

3. Whether a claimant is "impaired" is determined pursuant to Section 1124. A class of claims or interest is impaired under a plan unless, with respect to each claim or interest of such class, the plan: (1) leaves unaltered the legal, equitable and contrac-

tual rights to which the claim or interest holder is entitled (11 U.S.C. § 1124(1)); (2) reinstates a claim or interest and thus leaves it unimpaired (11 U.S.C. § 1124(2)); or (3) provides for the claim holder to receive on the effective date of the plan cash equal to the allowed amount of the claim (11 U.S.C. § 1124(3)).

4. The Plan states that classes 2, 3, 4, 5 and 7 are impaired. Though some rejection ballots were cast, all of the impaired classes have accepted the Plan.

5. However, the Plan does not satisfy the provisions of 11 U.S.C. Section 1129(a)(5). Except for Mr. Hayes, named as the CEO, the Plan fails to name the individuals proposed to serve as officers or directors after confirmation. Failure to satisfy Section 1129(a)(5) prevents the Court from confirming the Plan. *In re M.S.M. & Associates, Inc.*, 104 B.R. 312 (Bkrtcy Hi 1989).

6. The Plan also fails to satisfy the provision of 11 U.S.C. Section 1129(a)(7). According to that subsection, every holder of a claim in an impaired class must either vote to accept the reorganization plan, or must receive under the plan value in an amount not less than the holder would have received in a liquidation of the debtor under Chapter 7 of the Bankruptcy Code as of the date of confirmation. And, the burden is on the proponent of the Plan that this Section 1129(a)(7) is satisfied.

7. The evidence presented at the hearing was insufficient to prove that the creditors will receive as much under the Plan as under a Chapter 7 liquidation. Mr. Hayes was unable to estimate the amount that he could realize under the Plan as compared to the amount that a Trustee may realize under a Chapter 7 liquidation. And, there was no estimate of the total administrative expenses under the Plan as compared to the total administrative expenses under a Chapter 7 liquidation. Without such information, the Court cannot determine whether the creditors will receive as much under the Plan as under a Chapter 7 liquidation.

8. Debtor's primary argument is that the Chapter 11 liquidation Plan will less

costly than a Chapter 7 liquidation because Mr. Hayes' compensation is set at a maximum of $50,000.00 per year, whereas a Chapter 7 trustee's compensation, set at a graduated percentage rate, could exceed $50,000.00 per year. As a result, Debtor argues that the creditors will receive larger distributions under the Plan than in a Chapter 7 liquidation. The Court is not convinced by Debtor's argument.

9. Under the Plan, Mr. Hayes will receive $50,000.00 per annum, regardless of the amount collected and distributed. On the other hand, unless the Chapter 7 trustee disburses $1,650,000.00 within a year, his compensation will be much less than the annual salary of $50,000.00 established for Mr. Hayes. And, Debtor has not demonstrated that, within a period of one year, Mr. Hayes will liquidate assets with a value of $1,650,000.00 and disburse said amount to the creditors.

10. Debtor's Plan provides that the CEO will not be paid compensation for his services after August 1, 1990, without further order of the Court. This appears to imply that liquidation will be completed by August 1, 1990, or that Mr. Hayes will continue to serve, perhaps, without compensation.

11. There is no way that the case will be completed by August 1, 1990, and the Court does not expect Mr. Hayes or anyone else to serve without compensation. Thus, there will be future administrative expenses for the CEO not discussed under the Plan or the disclosure statement.

12. The Status of Asset Liquidation ("Status") attached to the Final Quarter Statement filed on January 26, 1990, supports this Court's opinion that liquidation will not be completed by August 1, 1990. First, the Status contains no certification that the list is complete. Second, there is neither a description of the steps necessary to complete the liquidation of the remaining assets nor a projection of the time required to do so.

13. There are 25 pending cases and 70 more that may be filed. The net value of these claims has not been estimated; and resolution of these cases may take several years. It means that, if Mr. Hayes is to continue as CEO, he will be receiving $50,-000.00 a year, even though there is no distribution during that year. This can result in Mr. Hayes' fees exceeding several hundred thousand dollars before the case is closed. Without a more accurate estimate of the administrative expenses under the Chapter 11 liquidation Plan as compared to that under Chapter 7 liquidation, the Court cannot determine that the Plan meets the requirement of Section 1129(a)(9).

14. In addition, an independent Chapter 7 trustee, whose compensation is not fixed but which is related to the value of assets recovered for the estate and the amount disbursed to creditors, has the strongest incentive to discover and recover preferential transfers and fraudulent conveyances and to obtain the best possible price for debtor's assets. And, because the trustee is generally not compensated until all distributions are made, he has the incentive to expedite conclusion of a case.

15. Because the Plan does not satisfy all of the requirements of 11 U.S.C. 1129, the Court is compelled to deny confirmation.

16. To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed. The Court will issue a separate order denying confirmation of Debtor's Plan of Reorganization.