**In re Lester C. BLAIR, Bankrupt.**

**PORT O'CALL INVESTMENT CO., Appellant,**

v.

**Lester C. BLAIR, by and through Richard A. Peterson, Trustee, Appellee.**

**No. 75–1692.**

United States Court of Appeals, Ninth Circuit.

July 19, 1976.

Robert L. Rento (argued), San Diego, Cal., for appellant.

Richard A. Peterson (argued), San Diego, Cal., for appellee.

## OPINION

Before HUFSTEDLER and GOODWIN, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

This is an appeal by a creditor from an order of the District Court affirming an order of the bankruptcy judge which confirmed a compromise of disputed claims which arose during administration. Our jurisdiction is based on 11 U.S.C.A. Section 47.

Blair filed an individual petition in bankruptcy on August 11, 1972. Richard Peterson, an attorney, was appointed and qualified as trustee and has continued to act throughout. He appeared as his own counsel in this court.

Basically, two disputes arose. One involved the valuation of Blair's residence property, the amount of homestead exemption to be allowed, and the value of the interest of his non-bankrupt wife by reason of a joint tenancy deed. After determining that there were a number of construction liens against the residence and a substantial first deed of trust, the trustee allowed the homestead exemption and reported the excess value as "minimal." The second dispute arose out of a sale of the residence by the bankrupt and wife to the Lowells for a sum substantially in excess of the initially reported value. The trustee immediately intervened in the escrow arrangement and the bankruptcy judge restrained the disbursement of funds from escrow pending resolution of proceedings to determine the validity, nature and extent of the various liens asserted against the property. Mrs. Blair also asserted her claim to an undivided one-half interest by virtue of the joint tenancy deed unaffected by her husband's homestead allowance. During the progress of these proceedings the Lowells sought and obtained from the bankruptcy court an order granting permission for them to sue the

* Honorable J. Blaine Anderson, United States District Judge for the District of Idaho, sitting by designation.

Blairs for rescission in the California Superior Court for alleged fraud and misrepresentation in the sale of the residence and to join the trustee as a party defendant. Thereafter, all concerned engaged in negotiations for approximately five months. These negotiations culminated in the hearing on Application to Compromise Disputed Claims between all interested parties of June 28, 1974. This last hearing resulted in approval of the compromise. The appeal process was then undertaken and the cause finally reached oral argument in this court on June 4, 1976.

The parties to this appeal agree that there are but two issues. First, do the dictates of *Protective Committee for Independent Stockholders, etc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968), *reh. den.* 391 U.S. 909, 88 S.Ct. 1649, 20 L.Ed.2d 425 (1968), a Chapter X Reorganization Proceeding, apply to a compromise pursuant to Sec. 27 of The Bankruptcy Act (11 U.S.C.A. Sec. 50)? *See also*, Rule 919(a), Bankruptcy Rules. Second, did the bankruptcy judge abuse his discretion in confirming the compromise on the record made? We answer both questions in the negative and affirm.

■ It is unnecessary to a decision in this case to delineate precisely the record that must be made in a liquidation bankruptcy compromise proceeding under Sec. 27 of The Bankruptcy Act (11 U.S.C.A. Sec. 50) as distinguished from a Chapter X, Corporate Reorganization compromise proceeding. *Protective Committee for Independent Stockholders, etc. v. Anderson, supra.* We hold only that the record made in all of the proceedings below was sufficient to justify the compromise approval by the bankruptcy judge and the District Court in this case, especially where, as here, several compromise hearings were held and the trustee

(a lawyer experienced in bankruptcy matters) was under oath and subject to cross-examination by creditors.[1] A creditor is a party to such a proceeding and has some duty to move affirmatively to identify alleged factors of unfairness in the proposed compromise at the fact-finding level, not the appellate level.

■ The finding and conclusion below was not erroneous nor an abuse of discretion. *In re California Associated Products Co.*, 183 F.2d 946 (9th Cir. 1950), *A & A Sign Co., Inc. v. Maughan*, 419 F.2d 1152 (9th Cir. 1969), Rule 810, Bankruptcy Rules. When considering whether to approve a compromise in liquidation bankruptcy proceedings, the trustee and bankruptcy judge should weigh the probable costs and benefits. They should consider factors such as the complexity and hazards of litigation, the expense (attorney's fees and the costs of court and discovery), the time required, and whether disapproval of the compromise would likely result in the wasting of assets.

■ Considering the lengthy delay occasioned by this appeal and the additional attorneys' fees and appellate costs, this appeal may be an example of asset wasting. The bankruptcy judge and the district court may, in a case such as this, give weight to the opinions of the trustee, the parties, and their attorneys. The judge and court may consider the principals' belief that the factors outlined above (and others) have been explored and considered and that the compromise is fair, reasonable, and the wisest course. Consideration should also be given to the principle that the law favors compromise and not litigation for its own sake.

■ Appellant asserts that even in a liquidation bankruptcy compromise proceeding, there must be a mini-trial on the merits of claims sought to be compromised. We reject the notion. The decision as to wheth-

---

1. We have examined the transcript of the compromise hearings of November 13, 1973, December 11, 1973, and June 28, 1974. We were told at oral argument, without contradiction, that there were one or two other compromise hearings. This is confirmed by the comment of the bankruptcy judge at p. 46 of the reporter's transcript (June 28, 1974) when he stated that this was the fourth or fifth time the compromise had been considered. A review of this record reveals that a great deal of expertise went into the ultimate compromise approval. True, it was in many respects conclusory, but the rationale of Rule 705, Federal Rules of Evidence, is not without application. *See:* Rule 917, Bankruptcy Rules.

er there should be a mini-trial in a liquidation bankruptcy as to the merits of the compromised claims and defenses is best left to the sound discretion of the bankruptcy judge upon an application and showing of necessity by the interested parties or by creditors of the bankrupt.

This is not the same as a Chapter X proceeding and there are sound reasons for drawing the distinction. A corporate reorganization is a continuing business affair requiring close supervision and affecting many interested parties. The success or failure of a reorganization may hinge upon the very compromise at issue.[2] A liquidation bankruptcy is a terminal affair. The bankrupt's financial affairs are beyond repair. Liquidation is to be accomplished as rapidly as possible consistent with obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation.

The record made before the bankruptcy judge was adequate to support his judgment that the compromise was fair and in the best interests of the estate.

AFFIRMED.

---

2. In *Protective Committee for Independent Stockholders, etc. v. Anderson, supra,* 390 U.S. at 423, 88 S.Ct. at 1163, the lower court judgment "was rendered without considering the future estimated earnings of the reorganized company." Such a vital issue is not involved in a liquidation bankruptcy compromise.