FARRIS, Circuit Judge,
dissenting:
I disagree only with Part II of the majority opinion. The majority decides that the bankruptcy court abused its discretion when allowing partnership assets to be used to satisfy a corporate debt. The IRS raised the mixed assets argument for the first time before the district court.
In my opinion, even a brief and cursory review of the settlement documents should have put the IRS on notice that assets of the partnership and corporate estates were being commingled. Further, government counsel was present when the trustee orally advised the bankruptcy court that the funds from which the $50,000 would be taken were the result of a contract which Walsh had entered into as Beaver Builders (the partnership). The IRS could not reasonably have not known that assets of the partnership were being used in the settlement.
A creditor who is a party to a bankruptcy compromise proceeding has “some duty to move affirmatively to identify alleged factors of unfairness in the proposed compromise at the fact-finding level, not the appellate level.” In re Blair, 538 F.2d 849, 851 (9th Cir. 1976). I recognize that under usual circumstances an argument can be raised for the first time at the district court level, but here I would treat the failure to raise the mixed assets argument before the bankruptcy court as a waiver which precludes its subsequent resurrection.
While, as the majority opinion points out, the partnership and corporate bankruptcy proceedings were never consolidated, in fact the administration of the two estates was not kept separate. Both sides acknowledge this. As the Bank states in its brief on appeal, “During the entire three years this matter was before the bankruptcy court, no attempt was ever made to separate the individual, partnership and corporate estates. Indeed the settlement was premised upon there being one bankruptcy estate.” IRS counsel during the settlement approval hearings said, “I understand the cases are not consolidated, technically, although they’re being treated jointly.” This statement by IRS counsel cannot be ignored. The majority gives it less effect than I believe appropriate.
The question on appeal is whether the bankruptcy court abused its discretion in approving the settlement agreement of the parties. I recognize that we review the question de novo, but my conclusion would be consistent with that of the district court.