15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re John K. STIPEK; Judy D. Stipek, Debtors.
John K. STIPEK; Judy D. Stipek, Appellants,
v.
Robert STEINBERG, Trustee; Andrew C. Cratsenberg; Luetta
M. Cratsenberg, Appellees.
 No. 92-36523.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1993.*
Decided Jan. 11, 1994.
 
 Before: BROWNING, NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 Recusal
 
 2
 A timeliness requirement is inherent in 28 U.S.C. Sec. 455. In Re Anwiler, 958 F.2d 925, 930 (9th Cir.1992). Otherwise, a party could wait until the court issued an adverse decision before raising a claim of judicial bias. Id. Although failure to raise the issue of recusal at the trial level does not necessarily preclude raising the issue on appeal, the failure does significantly affect this court's standard of review. United States v. Bosch, 951 F.2d 1546, 1548 (9th Cir.1991). Thus, assuming Stipek can raise the issue for the first time on appeal, we review for plain error. Id.
 
 
 3
 "Plain error will be found only if the error was highly prejudicial and there was a high probability that the error materially affected the verdict." Id. (citation and internal quotations omitted). Tested by this standard, the record fails to reflect bias against Stipek or that Stipek was denied an impartial hearing and decision.
 
 
 4
 Stipek's claim that Judge Howard's sua sponte decision to reassign the case mandates reversal lacks merit. Moody v. Simmons, 858 F.2d 137 (3rd. Cir.1988), is distinguishable. In Moody, over a two month period the judge repeatedly referred to his conflicts of interest and the need to recuse himself and devoted thirty pages of a sixty-page opinion to describing the "bad faith unethical" conduct of the Trustee and the Trustee's attorneys.
 
 
 5
 Stipek created the potential for conflict, which he then waived. He neither objected nor asked for clarification during any of the court proceedings, and raised the issue of bias only after the judge rendered an adverse decision. His claim rests on pure speculation that the judge may have gained "personal knowledge of disputed evidentiary facts concerning the proceeding." See 28 U.S.C. Sec. 455(b). Stipek has failed to show either error or prejudice.
 
 II.
 Settlement Agreement
 
 6
 The bankruptcy court is not required to hold a mini-trial on the merits of the claims sought to be compromised. In Re Blair, 538 F.2d 849, 851-52 (9th Cir.1976). Liquidation should "be accomplished as rapidly as possible consistent with obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation." Id. at 852.
 
 
 7
 The bankruptcy court developed the facts sufficiently to enable it to make an informed and independent decision. Stipek submitted a twenty-one page memorandum in opposition to the Trustee's motion to approve settlement and a six page summary of witnesses and exhibits he intended to present at the hearing. Although the court refused the request for an evidentiary hearing, the court assumed Stipek's witnesses would testify according to counsel's summary and afforded Stipek an opportunity to submit additional briefing.
 
 
 8
 The court asked specific questions regarding the evidence and legal theories supporting Stipek's allegations of fraud and attacking Cratsenberg's credibility. The court also considered the probability of success in litigation, the difficulty of collecting a judgment against Cratsenberg, and the difficulty of selling the shopping center without the settlement agreement. The court also noted that the creditors approved the sale and opposed any further delay in disposing of the property.
 
 
 9
 The court did not abuse its discretion in approving the settlement agreement.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The parties are familiar with the facts and legal issues raised and we will not restate them here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3