In the Matter of Stephen LAW, Debtor,

Stephen Law; Lili Lin, Appellants,

v.

Alfred H. Siegel; et al., Appellees.

In the Matter of Stephen Law, Debtor,

Alfred H. Siegel, Chapter
7 Trustee, Appellant,

v.

Stephen Law; et al., Appellees.

Nos. 07–55200, 07–55203.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

Lili Lin, City of Industry, CA, for Appellants.

Steven T. Gubner, Esq., Ezra, Brutzkus, Gubner, LLP, Woodland Hills, CA, U.S. Trustee, Office of the U.S. Trustee, Kenneth Gross, Perliss & Gross, Los Angeles, CA, Stephen Law, City of Industry, CA, for Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**162**

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

██ Stephen Law, Chapter 7 debtor, and Lili Lin, a citizen of China and purported lien holder, appeal pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order approving a compromise agreement that allows the trustee to recover a fraudulent trust deed for the benefit of the bankruptcy estate. Alfred H. Siegel, the bankruptcy trustee, cross appeals from the BAP's decision reversing the bankruptcy court's order granting the trustee's surcharge motion. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's decision. *Arrow Elecs., Inc. v. Howard Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir.2000). We dismiss the appeal by Lili Lin of China for lack of standing. *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C.)*, 177 F.3d 774, 778 (9th Cir.1999). We affirm the BAP orders.

██ The BAP properly upheld the bankruptcy court's order approving the compromise agreement after concluding that the agreement was in the best interest of the creditors, interest holders, and estate. *See* Fed. R. Bankr.P. 9019(a) (authorizing bankruptcy court to approve a compromise or settlement); *Port O'Call Inv. Co. v. Blair (In re Blair)*, 538 F.2d 849, 851–52 (9th Cir.1976) (per curiam) (explaining that a bankruptcy court may approve a compromise that is "fair, reasonable, and the wisest course").

** This disposition is not appropriate for publication and is not precedent except as provid-

██ The BAP properly reversed the bankruptcy court's order granting the trustee's surcharge motion because, without an adequate accounting of what litigation expenses should be reimbursed from Law's exemption, the order appears to shift litigation expenses to the debtor in a fashion designed to punish the debtor for his litigation activity. *See Onubah v. Zamora (In re Onubah)*, 375 B.R. 549, 556 (9th Cir.BAP 2007) (noting that a surcharge should be calculated to compensate the estate for the actual monetary costs imposed by the debtor's misconduct); *see also Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir.2004) (emphasizing that a surcharge functions as a remedy to protect the creditors by preventing the debtor from sheltering more assets than permitted, rather than as a punishment).

Law's remaining contentions are unpersuasive.

Siegel's request for judicial notice is denied.

Law's motion for sanctions is denied.

**AFFIRMED.**