MEMORANDUM **
Stephen Law, Chapter 7 debtor, and Lili Lin, a citizen of China and purported lien holder, appeal from the Bankruptcy Appellate Panel’s (“BAP”) judgment affirming the bankruptcy court’s orders approving a compromise agreement and authorizing distribution of real estate sale proceeds. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP’s decision. See Arrow Elecs., Inc. v. Howard Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir.2000). We affirm.
The BAP properly upheld the bankruptcy court’s order approving the compromise agreement between the trustee and the judgment creditors, because the agreement was in the best interest of the creditors, interest holders, and the estate. See Fed. R. Bankr.P. 9019(a) (authorizing bankruptcy court to approve a compromise *153 or settlement); Port O’Call Inv. Co. v. Blair (In re Blair), 538 F.2d 849, 852 (9th Cir.1976) (per curiam) (“Liquidation is to be accomplished as rapidly as possible consistent with obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation.”).
The BAP properly affirmed the order authorizing the trustee to distribute the property sale proceeds because it was conditioned on a judicial determination of Lili Lin’s purported interest. See 11 U.S.C. § 363(e) (“The court ... shall prohibit or condition ... use, sale, or lease [of property] as is necessary to provide adequate protection” to an entity’s interest in such property).
Appellants’ remaining contentions are unpersuasive.
Appellants’ motion to file a late reply brief is granted. The Clerk shall file the brief received on April 10, 2008.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.