**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: WESTERN FUNDING INCORPORATED; et al., <br><br> Debtors, <br><br> ------------------------------ <br><br> GREIF & CO., <br><br> Appellant, <br><br> v. <br><br> BRIAN D. SHAPIRO, Trustee of WFI Liquidating Trust; et al., <br><br> Appellees. | No. 16-60048 <br><br> BAP No. 15-1238 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Faris, and Barash, Bankruptcy Judges, Presiding

Argued and Submitted October 20, 2017
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE and CALLAHAN, Circuit Judges, and RESTANI,** Judge.

After losing before the Bankruptcy Appellate Panel, Greif & Co. (Greif), a beneficiary of the WFI Liquidating Trust, appeals to us from a bankruptcy court's order approving a $331,476.53 settlement between WFI Trustee Brian Shapiro (Trustee) and American Express (Amex). The Trustee initiated litigation against Amex to avoid and recover some two million dollars in allegedly fraudulent transfers made by WFI. Greif argues the Trustee underestimated the value and likelihood of success of one of the claims against Amex, which Greif contends resulted in an unfairly low settlement amount. We have jurisdiction under 28 U.S.C. § 158(d)(1) and we affirm.

We review for abuse of discretion the bankruptcy court's approval of a settlement agreement. *In re A & C Props.*, 784 F.2d 1377, 1380 (9th Cir. 1986). A bankruptcy court abuses its discretion if it applies the wrong legal standard, or applies the correct legal standard in a way that is illogical, implausible or unsupported by the record. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009). "[W]here the record supports approval of the compromise, the

---

** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

bankruptcy court should be affirmed." *In re A & C Props.*, 784 F.2d at 1383 (citation omitted).

The bankruptcy court did not abuse its discretion by approving the settlement agreement. Even assuming Greif's argument that the "fair and equitable" standard controls, the bankruptcy court explicitly applied that standard when it assessed the settlement: the court correctly identified the relevant *A & C Properties* factors—the probability of success in the litigation; the likely difficulties in collection; the complexity of the litigation and the expense attending it; and the paramount interest of the creditors, *Id.* at 1381—and explained why these factors weighed in favor of finding the settlement fair and equitable. This analysis occurred against the backdrop of a comprehensive record, including Greif's objection to the motion to approve settlement, the Trustee's 58-page reply to the objection (including exhibits), Greif's supplemental objection to the settlement (including 597 pages of attachments), the Trustee's reply to the supplemental objection (including 161 pages of attachments), and nearly an hour of oral argument before the bankruptcy judge. In both volume and substance the record was sufficiently developed and "replete with factors which support the bankruptcy court's approval of the compromise." *Id.* at 1383.

We reject Greif's argument that the bankruptcy court did not fully understand and examine his "employment contract" theory. The record indicates that Greif's employment contract theory was fully before the bankruptcy court, and that the court took Greif's views into account in assessing the fairness of the proposed settlement. Greif argues that the bankruptcy court should have adopted his view of the viability and value of the employment contract claim over the Trustee's view, but the bankruptcy court was not required to hold a "mini-trial" on the merits of each disputed legal question before approving the settlement as fair and equitable. *In re Blair*, 538 F.2d 849, 851–52 (9th Cir. 1976). Nor was the court required to find that the settlement proposed was the best settlement possible. *In re A & C Props.*, 784 F.2d at 1384 ("As long as the approved plan is fair and equitable, we cannot reject it in favor of a plan that is more equitable.") (citation omitted). Where, as here, the bankruptcy court is "familiar with the entire record," and addressed the creditor's substantive objections "expressly or by necessary implication," the court's approval of the settlement does not constitute an abuse of discretion. *Id.*

For the above reasons, we hold that the bankruptcy court did not abuse its discretion by approving the Trustee's motion to approve the settlement agreement.

**AFFIRMED.**