NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> ALICIA MARIE RICHARDS, <br>          Debtor. | BAP No. CC-23-1038-CFG <br><br> Bk. No. 8:21-bk-10635-SC |
| ALICIA MARIE RICHARDS, <br>          Appellant, <br> v. <br> RICHARD A. MARSHACK, Chapter 7 <br> Trustee; EUGENE V. ZECH, <br>          Appellees. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Scott C. Clarkson, Bankruptcy Judge, Presiding

Before: CORBIT, FARIS, and GAN Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Alicia Marie Richards ("Richards") appeals the

bankruptcy court's order approving a Rule 9019 compromise between the

chapter 7 trustee and creditor Eugene Zech ("Zech"), who was Richards's

---

     * This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

     [1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

previous counsel during part of her marital dissolution proceedings. We AFFIRM.

## FACTS

### A. Pre-bankruptcy events

Zech, a family law attorney, represented Richards during her marital dissolution. As part of the attorney's fees payment agreement, Richards executed and notarized a Family Law Attorney's Real Property Lien in favor of Zech in the principal amount of $35,000, with 5% interest per annum from the date the lien was recorded. On October 7, 2016, Zech recorded the lien with the Orange County Recorder's Office, creating a secured interest in Richards's interest in the real property located on Catalina Drive in Newport Beach, CA ("Residence") pursuant to California Family Code § 2033.[2]

After the dissolution proceedings concluded, Richards refused to pay Zech as agreed. Consequently, Zech filed a complaint against Richards in California superior court in January 2018 for payment of his attorney's fees. After a multi-day trial, a jury found in favor of Zech, and judgment for

---

[2] As part of the dissolution proceedings, Richards and her former husband Ryal Richards entered into a stipulation giving Richards several weeks to refinance the Residence and buy out Ryal's community property interest. If she was unable or unwilling, the stipulation required the sale of the Residence and mandated that Richards and Ryal split the proceeds. The stipulation was affirmed by the California Court of Appeal. *Richards v. Richards (In re Richards)*, Case No. G055927, 2020 WL 104357, at *9-13 (Cal. Ct. App. Jan. 9, 2020).

Zech in the amount of $70,263.40 was entered on April 24, 2019 ("Zech Judgment").

Richards disagreed with the jury's determinations and immediately began appealing. Shortly thereafter, Richards filed a chapter 13 petition ("2019 Bankruptcy"). Richards's 2019 Bankruptcy was dismissed on October 2, 2019, without Richards receiving a discharge. After the 2019 Bankruptcy was dismissed, Zech recorded an abstract of judgment with respect to the Zech Judgment.

**B.    Richards's bankruptcy**

On March 12, 2021, Richards again filed for bankruptcy protection, this time filing a chapter 7 bankruptcy petition ("2021 Bankruptcy"). Richard Marshack was appointed chapter 7 trustee ("Trustee"). Zech subsequently filed a proof of claim based on the Zech Judgment. Zech later filed an amended proof of claim in the amount of $83,488.32 (Zech Judgment plus $13,224.92 in accrued interest) ("Zech POC"). Richards objected to the Zech POC. Richards also sought an order compelling Trustee to abandon all claims related to her appeal of the Zech Judgment and the malpractice claims she allegedly held against Zech (together the "Zech Claims"). Because Trustee had already determined that the Zech Claims were meritless and a burden to the estate, Trustee agreed that the claims should be abandoned. The bankruptcy court subsequently granted Richards's motion, and Trustee abandoned the Zech Claims.

3

Before the Zech Judgment was affirmed on appeal, Trustee moved to sell the Residence free and clear of all liens, with liens attaching to the sale proceeds pursuant to § 363(f). The sale price was more than the aggregate amount of liens against the property. In Trustee's motion to sell, Trustee included the Zech Judgment (as described in the Zech POC) as one of the liens that would attach to the sale proceeds. The bankruptcy court approved the sale of the Residence over both Richards's and Richards's father's objections. The order approving the sale was affirmed on appeal.[3]

On March 8, 2022, the same day the sale of the Residence closed, the California Court of Appeal affirmed the Zech Judgment in its entirety (approximately three years after the appeal was filed). *Zech v. Richards*, No. G057798, 2022 WL 682764 (Cal. Ct. App. Mar. 8, 2022), *reh'g denied* (Mar. 25, 2022), *review denied* (June 1, 2022).

## C. The compromise between Trustee and Zech

Several months later, on November 29, 2022, Trustee filed a motion to approve a compromise with Zech which provided that Zech would agree to a reduced claim amount of $70,000 in return for immediate payment from the Residence sale proceeds ("Zech Compromise"). In the motion, Trustee detailed why the proposed settlement satisfied the factors identified in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) which a bankruptcy court must consider when evaluating a

---

[3] *Richards v. Marshack (In re Richards)*, BAP Nos. CC-21-1262-SGL, CC-21-1266-SGL, 2022 WL 16754394 (9th Cir. BAP Nov. 7, 2022).

4

proposed compromise. Trustee maintained that the Zech POC represented a valid secured lien against the estate that was not subject to reasonable dispute because the Zech Judgment had been affirmed on appeal and the judgment lien was recorded outside the preference period. Trustee also asserted that the Zech Judgment continued to accrue interest such that the current amount of the claim was "in excess of $90,000, and may exceed $100,000." Trustee further maintained that the Zech Compromise would allow the estate "to avoid the expense, inconvenience, and delay of further litigation" over the allowance of the Zech POC and would "permit Zech to receive his long-awaited payment for legal service."

Richards filed an untimely objection to the Zech Compromise. Richards objected on the grounds that the Zech Judgment was allegedly void and therefore not a valid lien. Richards continued to argue that the judgment was obtained in the "wrong court without subject matter jurisdiction" despite the affirmance of the Zech Judgment on appeal. Richards next argued that the sale of the Residence was void despite the affirmance of the order approving the sale on appeal ("the BAP entered its **void order** affirming the **void sale** that is **equally void** as a matter of law") and that Trustee was not authorized to distribute funds from an "unlawful void sale." Finally, Richards argued that a tentative ruling in her 2019 Bankruptcy precluded Zech from claiming a secured lien in her 2021 Bankruptcy.

In his reply, Trustee argued that Richards's opposition was frivolous, nonsensical, and a delay tactic. Trustee maintained that the Zech POC represented a valid secured lien. Trustee also explained that contrary to Richards's assertions the compromise was not settling the abandoned Zech Claims, and Richards would have the ability to pursue the Zech Claims even if the bankruptcy court approved the Zech Compromise. Therefore, Trustee argued that the compromise was in the best interest of creditors and should be approved.

The bankruptcy court agreed. After a hearing on the matter, the bankruptcy court entered an order granting Trustee's motion to approve the Zech Compromise ("Zech Compromise Order"). Richards timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by approving the Zech Compromise?

## STANDARD OF REVIEW

We review a bankruptcy court's decision to approve a settlement under Rule 9019 for an abuse of discretion. *Goodwin v. Mickey Thompson Ent. Grp., Inc. (In re Mickey Thompson Ent. Grp., Inc.)*, 292 B.R. 415, 420 (9th Cir. BAP 2003). A bankruptcy court abuses its discretion if it applies the

6

wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

### A. The legal standards for a settlement and compromise.

Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The bankruptcy court has great latitude in approving a compromise or settlement under Rule 9019. *In re Mickey Thompson Ent. Grp., Inc.*, 292 B.R. at 420. Even so, the compromise must be fair, reasonable, equitable, and in the best interests of the estate. *Id.*

In determining whether a proposed compromise is fair, reasonable, and equitable, the bankruptcy court must consider: (1) the probability of success in the litigation; (2) the difficulties, if any, of collection; (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re A & C Props.*, 784 F.2d at 1381. The bankruptcy court can make general findings supporting the settlement when the record clearly reflects that application of these factors weighs in favor of the settlement. *Spark Factor Design, Inc. v. Hjelmeset (In re Open Med. Inst., Inc.)*, 639 B.R. 169, 181 (9th Cir. BAP 2022), *aff'd*, No. 21-51678, 2023 WL 7123763 (9th Cir. Oct. 30, 2023),

7

*and aff'd sub nom.*, *Spark Factor Design, Inc. v. Kogelnik (In re Kogelnik)*, No. 22-60018, 2023 WL 7122577 (9th Cir. Oct. 30, 2023). The reviewing court should affirm where the record supports approval of the settlement, even if the findings are general. *Id.* The court may "give weight to the opinions of the trustee, the parties, and their attorneys." *Port O'Call Inv. Co. v. Blair (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976).

**B.     The bankruptcy court did not abuse its discretion in approving the Zech Compromise.**

Richards does not allege specific errors of law or fact made by the bankruptcy court when evaluating the Zech Compromise under the *A & C Properties* factors. Rather, Richards generally argues that the bankruptcy court abused it discretion in approving the Zech Compromise because it was premature. Richards argues that the bankruptcy court should not have ruled on the Zech Compromise until the conclusion of both the litigation related to her objection to the Zech POC and the litigation related to her pursuit of the Zech Claims. Richards's assertions are without merit. Indeed, as further discussed below, the bankruptcy court properly found that part of the benefit to creditors of the Zech Compromise was the avoidance of litigation related to Richards's objection to the Zech POC. Because the bankruptcy court properly evaluated the Zech Compromise under the *A & C Properties* factors, the Zech Compromise Order was not an abuse of discretion.

After adopting Trustee's reply in full, the bankruptcy court evaluated the proposed compromise under the *A & C Properties* factors. First, the bankruptcy court evaluated "the probability of success in the litigation." *See In re A & C Props.*, 784 F.2d at 1381. The bankruptcy court found that the likelihood of Richards's "success of disputing Mr. Zech's pre-petition claim (which underlies the judgment lien to be reduced via settlement) [was] nil" because Zech's entitlement to the amount represented in the Zech POC was "fully litigated in a jury trial and affirmed on appeal." This finding is not clearly erroneous.

Second, the bankruptcy court evaluated the difficulties, if any, of collecting any resulting judgment. *See id.* The bankruptcy court found that the estate had no plausible claims against Zech and thus, there was no possible judgment to collect upon. Therefore, the bankruptcy court found that this element supported approving the Zech Compromise. The bankruptcy court's findings and analysis are not erroneous.

Before the bankruptcy court and again on appeal, Richards argues the untenable and unsupported notion that the bankruptcy court was required to consider her right to setoff when evaluating the Zech Compromise. The bankruptcy court did not err in disregarding this argument. As the bankruptcy court correctly explained, the Zech Compromise involved only estate property and claims against the estate. The bankruptcy court explained that the Zech Claims (upon which Richards argues she will eventually prevail, resulting in a judgment against

Zech that would provide her setoff) are no longer part of the estate because Trustee abandoned those claims as Richards requested. Furthermore, the bankruptcy court found that the Zech Compromise did not attempt to settle any of the abandoned Zech Claims. Consequently, the bankruptcy court did not err in refusing to consider Richards's dubious and unlikely success in litigating and collecting on the Zech Claims when evaluating the Zech Compromise.

Third, the bankruptcy court considered the complexity of the litigation and the expense, inconvenience, and delay associated with it. *See id.* The bankruptcy court found that the issue was not complex: Zech had a secured claim against the estate that was without reasonable dispute. However, the bankruptcy court found that, given the history and nature of Richards's litigiousness, the estate would incur further expense, inconvenience, and delay by allowing Richards to litigate the validity of the Zech POC. These findings are supported by the record and are not error.

Fourth, the bankruptcy court considered the interest of the creditors. *See id.* The bankruptcy court found that no creditors had objected to the Zech Compromise and the only objection was that of Richards. The bankruptcy court also found that despite Zech holding a valid secured claim for the full amount of the Zech POC, Zech was willing to discount his claim by almost 30% as part of the compromise. The bankruptcy court found that the discount was in the best interest of the creditors. These findings are not clearly erroneous. Based on the bankruptcy court's

analysis of the *A & C Properties* factors, the bankruptcy court properly determined the settlement was fair and equitable and its approval of the Zech Compromise was not an abuse of discretion.

## CONCLUSION

For the reasons stated above, we AFFIRM.